06-522

Your Honor Judge Gregory M. Sleet

I feel as though these documents will explain issues with the DAV, I have more I'm not sending now.

Your Honor, I have a transcript of the hearing from Division Of Human Relations Commission, plus an audio tape.

Your Honor, if you should request these items, I will send them as soon as I'm notified.

Thank You

Sharon Shannon

FILED

JAN 22 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned



Sharon Shannon
239 Spring Valley
Frederica, De, 19946

7006 0810 0001 0053 1369
CERTIFIED MAIL
7006 0810 0001 0053 1369

Office of The Clerk
United States District Court
844 N. King Street Lockbox 18
Wilmington, Delaware 19801, 3570

US POSTAGE
$4.47

*Mr Classe — I mailed out my 333 number*

# Surgical Information

Apr 23, 2004

| | |
|---|---|
| DATE OF SURGERY: | 04/15/2004 |
| WARD NO: | |
| CASE NO: | 257012 |

*1:06-CU-522*

*Judge GMS.*

ATTENDING PHYSICIAN:    STERLING, ROBERT
ASSISTANT:              NGU, BONAVENTURE
FIRST ASSISTANT:
SERVICE:

SURGEON'S SIG:                          APR 23, 2004 13:29
SHANNON, SHARON M                       AGE: 61   ID#: ███████
WARD: LR 2PM&R                          ROOM-BED: 2-C18A-X9276
VAMC: BALTIMORE MD VAMC                 REPLACEMENT FORM 516

| MEDICAL RECORD | OPERATION REPORT | PAGE 2 |
|---|---|---|

J-206193

SURGEON: Dr. Robert Sterling.

PREOPERATIVE DIAGNOSIS:  Left hip degenerative joint disease.

POSTOPERATIVE DIAGNOSIS:  Left hip degenerative joint disease.

PROCEDURE PERFORMED:  Left total hip arthroplasty.

COMPONENT IMPLANTS:  DePuy Tri-Lock, standard 10 mm stem, a +1.5 28 mm
head ball, a 60 mm acetabular shell, a neutral Marathon liner, and three
screws.

ESTIMATED BLOOD LOSS:  250 cc.

FLUID GIVEN:  11 cc of Hespan, 3000 cc of lactated Ringer's and two units
packed red blood cells.

URINE OUTPUT:  480 cc.

ANESTHESIA:  General endotracheal.

INDICATIONS:  The patient is a 20-year-old woman with progressively
worsening left knee pain that is no longer responsive to nonoperative

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

SHANNON, SHARON
239 SPRING VALLEY
FREDERICA, DELAWARE   19946
████████

**VISTA Electronic Medical Documentation**

Printed at BALTIMORE MD VAMC

*Sharon Shannon*

*Mr. Classe — I marked out my SS number*

# Surgical Information

Page 279

Apr 23, 2004

| | | |
|---|---|---|
| DATE OF SURGERY: | 04/15/2004 | |
| WARD NO: | | |
| CASE NO: | 257012 | |

*1:06-CV- 522*
*Judge G.M.S.*

ATTENDING PHYSICIAN:    STERLING,ROBERT
ASSISTANT:              NGU,BONAVENTURE
FIRST ASSISTANT:
SERVICE:

---

SURGEON'S SIG:                              APR 23, 2004 13:29
SHANNON,SHARON M                            AGE: 61   ID#: ███████
WARD: LR 2PM&R                              ROOM-BED: 2-C18A-X9276
VAMC: BALTIMORE MD VAMC                     REPLACEMENT FORM 516

---

MEDICAL RECORD              OPERATION REPORT          PAGE 2

---

J-206193

SURGEON: Dr. Robert Sterling.

PREOPERATIVE DIAGNOSIS:  Left hip degenerative joint disease.

POSTOPERATIVE DIAGNOSIS:  Left hip degenerative joint disease.

PROCEDURE PERFORMED:  Left total hip arthroplasty.

COMPONENT IMPLANTS:  DePuy Tri-Lock, standard 10 mm stem, a +1.5 28 mm
head ball, a 60 mm acetabular shell, a neutral Marathon liner, and three
screws.

ESTIMATED BLOOD LOSS:  250 cc.

FLUID GIVEN:  11 cc of Hespan, 3000 cc of lactated Ringer's and two units
packed red blood cells.

URINE OUTPUT:  480 cc.

ANESTHESIA:  General endotracheal.

INDICATIONS:  The patient is a 20-year-old woman with progressively
worsening left knee pain that is no longer responsive to nonoperative

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available) | **VISTA Electronic Medical Documentation**

SHANNON, SHARON
239 SPRING VALLEY
FREDERICA, DELAWARE  19946          Printed at BALTIMORE MD VAMC
████████

1:06-CV-522

G. M. S.

DEPARTMENT OF DELAWARE
DISABLED AMERICAN VETERANS
SERVICE OFFICER
P.O. BOX 407
CAMDEN, DE 19934

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7004 1160 0004 7649 3002

SHANON SHANNON
239 SPRING VALLEY
FREDERICA DE 19946

9/4



1:06-cv-522
G.M.S.

DEPARTMENT OF DELAWARE
DISABLED AMERICAN VETERANS
SERVICE OFFICER
P.O. BOX 407
CAMDEN, DE 19934



CERTIFIED MAIL™

7004 1160 0004 7649 3002

SHANNON SHANNON
239 SPRING VALLEY
FREDERICA   DE 19946



9/4

Sharon Shannon

1:06-CV-522
G.ms.



### Department of Delaware
# DISABLED AMERICAN VETERANS
#### P.O. Box 407 - Camden, DE  19934 - (302) 697-9061

FROM: Commander/Adjt                                    AUG 27, 2004
　　　　Disabled American Vets
　　　　Department of Delaware

SUBJECT: Restriction from DAV / Dept of De
　　　　　　Property, meetings and conventions

TO: Sharon Shannon


Ms. Shannon, this letter is to notify you that you are restricted from the property of the
Department of Delaware Disabled American Veterans. This is to include the DAV property
located at 183 South Street in Camden Delaware, any meetings or functions held by the Dept of
De DAV and the Dept of De DAV convention. This action is being taken because of your
conduct and remarks to our dispatcher and drivers. These actions violate Article 16 section 16.1
Para 1( c ) of the DAV National Constitution , By Laws, and Regulations, which states the state
commander may recommend to the state executive committee that it reprimand, suspend,
transfer, or expel a member for conduct not conducive to the best interests of the Organization, or
contrary to the maintenance of proper order and decorum within the Organization. If you attempt
to violate this you will be asked to leave or be removed by the local police.



H. Mark Wischmann                                    Paul V. Lardizzone
Commander                                            Adjutant
DAV Dept of De                                       DAV Dept of De


cc: Sharon Shannon
　　　Dept of De DAVA Commander
　　　Dept of De DAVA Adjutant
　　　Dept of De DAV Judge Advocate



Sharon Shannon



### Department of Delaware
# DISABLED AMERICAN VETERANS
P.O. Box 407 - Camden, DE 19934 - (302) 697-9061

FROM: Commander/Adjt.                                    AUG 27, 2004
      Disabled American Veterans
      Department of Delaware

SUBJECT: Restriction from DAV / Dept of De
      Property, meetings and conventions

TO: Sharon Shannon


Ms. Shannon, this letter is to notify you that you are restricted from the property of the
Department of Delaware Disabled American Veterans. This is to include the DAV property
located at 183 South Street in Camden Delaware, any meetings or functions held by the Dept of
De DAV and the Dept of De DAV convention. This action is taken because of your
conduct and remarks to our dispatcher and drivers. These actions violate Article 16 section 16.1
Para 1( c ) of the DAV National Constitution , By Laws, and Regulations, which states the state
commander may recommend to the state executive committee that it reprimand, suspend,
transfer, or expel a member for conduct not conducive to the best interests of the Organization, or
contrary to the maintenance of proper order and decorum within the Organization. If you attempt
to violate this you will be asked to leave or be removed by the local police.


H. Mark Wischmann                         Paul V. Lardizzone
Commander                                 Adjutant
DAV Dept of De                            DAV Dept of De

cc: Sharon Shannon
    Dept of De DAVA Commander
    Dept of De DAVA Adjutant
    Dept of De DAV Judge Advocate

1:06-CV-522
G.M.S.

July 19, 04

Sharon Shannon

On June 25, at the convention
for DAVA + DAV building in Camden,
Delaware I overheard Dorothy Zashree,
Dave Fardinggone & Mack Wischmann
talking about Sharon Allen Shannon. They
were not aware I was listening.

It was a three way conversation about
Sharon Allen Shannon being married to
a black man and that she was very proud
of this.
All three agreed it was awful and they
weren't going to have anything to do with
her at all. Furthermore of this and that she
should not be proud of this and that
she is a nothing at all.

They also discussed that Sharon Shannon
should not be allowed to ride on the
van to Wilmington VA medical Center,
because she remarried after her (husband
was killed, a because she wasn't a Veteran,
and because here husband was black.
When they suddenly observed me listening
they stopped talking and seperated quickly.
Sharon Shannon    Virginia L Taylor
for            302 697 9161

1:06-CV-522
G.M.S.

July 19, 04

Sharon Shannon

On June 25, 04 at the convention for DAVA + DAV building in Camden, Delaware I overheard Dorothy Fashner, Paul Lardizzore & Mark Wischmann talking about Sharon Allen Shannon. They were not aware I was listening.

It was a three way conversation about Sharon Allen Shannon being married to a black man and that she was very proud of this.

All three agreed it was awful and they weren't going to have anything to do with her at all. Furthermore that she should not be proud of this and that she is a nothing at all.

They also discussed that Sharon Shannon should not be allowed to ride on the Van to Welington VA medical center, because she remarried after her husband was killed, a because she wasn't a Veteran, and because here husband was black. When they suddenly observed me listening they stopped talking and seperated quickly.

Sharon Shannon  Virginia L. Taylor
for                        302 697 91 61

1:06-CU-522
Judge G. M. S.

DEPARTMENT OF DELAWARE
P.O. BOX 407
CAMDEN, DE 19934
SEPT 1, 2004

THE EXECUTIVE MEETING WAS CALLED TO ORDER BY COMMANDER H. MARK
WISCHMANN ON SEPT 1, 2004 AT 7:30 P.M.

OPENING CEREMONY BY COMMANDER WISCHMANN AND WE WERE LED IN
PRAYER BY CHAPLAIN THOMAS TENNEY.

ADJUTANT PAUL V. LARDIZZONE CALLED THE ROLL CALL OF OFFICERS. THERE
WERE 16 MEMBERS PRESENT. CHAPTERS 7 & 9 WERE ABSENT. A QUORUM WAS
PRESENT.

COMMANDER WISCHMANN STATED TO THE EXECUTIVE COMMITTEE THAT WE
WERE HAVING A PROBLEM WITH ONE OF THE AUXILLARY MEMBERS. THIS
MEMBER, SHARON SHANNON RIDES IN THE DAV VAN TO ELSMERE FOR HER
MEDICAL APPOINTMENTS. SHE SAYS SHE NEEDS TO SIT IN THE FRONT SEAT AND
ON OCCASIONS HAS ASKED A VETERAN TO MOVE TO THE BACK. SHE HAS SAID
SOME DEROGATORY REMARKS AGAINST THE DAV. SHE HAS CAUSED TROUBLE
WITH THE SEAFORD VAN IN THE PAST AND HAS CAUSED PROBLEMS WITH THE
VA . THE VA IS IN THE PROCESS OF WRITING HER A LETTER BANNING HER FROM
THE VAN. THIS PROBLEM HAS BEEN DISCUSSED WITH NATIONAL DAV AND
THERE RECOMMENDATION WAS TO CUT ALL TIES WITH HER TO AVOID ANY
CONTACT PHYSICALLY OR BY PHONE. IN ORDER TO DO THIS IT WAS SUGGESTED
TO THE EXECUTIVE COMMITTEE THAT SHE BE BANNED FROM THE PROPERTY,
ANY DEPARTMENT MEETINGS OR CONVENTIONS..JIM WYATT THE REGIONAL
NSO SAID THAT THIS WOULD BE APPROPRIATE. SHE MAY ATTEND HER UNIT
MEETINGS. COMMANDER WISCHMANN ASKED FOR A MOTION TO TAKE THIS
ACTION. MOTION WAS MADE BY SGT AT ARMS PAUL PRICE. SECONDED BY DEPT
JUDGE ADVOCATE PDC REESE PHILLIPS.(APPROVED)

COMMANDER WISCHMANN STATED THAT THE LAST MEETING MINUTES WERE
HANDED OUT AT THE DEPARTMENT CONVENTION.

COMMANDER WISCHMANN STATED THAT TREASURER'S REPORT WAS HANDED
TO EVERYONE AND TREASURER DAVE BALCERAK WOULD ANSWER ANY
QUESTIONS. ADJUTANT LARDIZZONE STATED THAT ALL TRUSTEES AND PDC
DON PENN WOULD NEED TO ARRIVE 1 HOUR EARLY NEXT MEETING TO AUDIT
THE BOOKS. PDC DON PENN ASKED WHAT WE HAD MADE ON THE CONVENTION
AD BOOK. COMMANDER WISCHMANN STATED THAT WE WERE STILL WAITING
ON SOME PAYMENTS FOR THE AD BOOK AND THAT WE SHOULD HAVE THE
FIGURES NEXT MEETING. COMMANDER WISCHMANN STATED THAT ALL THE

Sharon Shannon

1:06-CV-522

Judge G.M.S.

CLOSING PRAYER BY CHAPLAIN THOMAS TENNEY.

NEXT MEETING WILL BE OCT 6, 2004 @ 7:30 P.M. DEPARTMENT
TRUSTEES AND PDC DON PENN REPORT @ 6:30 P.M. TO AUDIT
DEPT BOOKS.

H. MARK WISCHMANN
COMMANDER

PAUL V. LARDIZZONE
ADJUTANT

Sharon Shannon

*1:06-CU-522*

*Judge G.M.S.*

DEPARTMENT OF DELAWARE
P.O. BOX 407
CAMDEN, DE 19934
SEPT 1, 2004

THE EXECUTIVE MEETING WAS CALLED TO ORDER BY COMMANDER H. MARK
WISCHMANN ON SEPT 1, 2004 AT 7:30 P.M.

OPENING CEREMONY BY COMMANDER WISCHMANN AND WE WERE LED IN
PRAYER BY CHAPLAIN THOMAS TENNEY.

ADJUTANT PAUL V. LARDIZZONE CALLED THE ROLL CALL OF OFFICERS. THERE
WERE 16 MEMBERS PRESENT. CHAPTERS 7 & 9 WERE ABSENT.  A QUORUM WAS
PRESENT.

COMMANDER WISCHMANN STATED TO THE EXECUTIVE COMMITTEE THAT WE
WERE HAVING A PROBLEM WITH ONE OF THE AUXILLARY MEMBERS. THIS
MEMBER, SHARON SHANNON  RIDES IN THE DAV VAN TO ELSMERE FOR HER
MEDICAL APPOINTMENTS. SHE SAYS SHE NEEDS TO SIT IN THE FRONT SEAT AND
ON OCCASIONS HAS ASKED A VETERAN TO MOVE TO THE BACK. SHE HAS SAID
SOME DEROGATORY REMARKS AGAINST THE DAV. SHE HAS CAUSED TROUBLE
WITH THE SEAFORD VAN IN THE PAST AND HAS CAUSED PROBLEMS WITH THE
VA . THE VA IS IN THE PROCESS OF WRITING HER A LETTER BANNING HER FROM
THE VAN. THIS PROBLEM HAS BEEN DISCUSSED WITH NATIONAL DAV AND
THERE RECOMMENDATION WAS TO CUT ALL TIES WITH HER TO AVOID ANY
CONTACT PHYSICALLY OR BY PHONE. IN ORDER TO DO THIS IT WAS SUGGESTED
TO THE EXECUTIVE COMMITTEE THAT SHE BE BANNED FROM THE PROPERTY,
ANY DEPARTMENT MEETINGS OR CONVENTIONS..JIM WYATT THE REGIONAL
NSO SAID THAT THIS WOULD BE APPROPRIATE. SHE MAY ATTEND HER UNIT
MEETINGS. COMMANDER WISCHMANN ASKED FOR A MOTION TO TAKE THIS
ACTION. MOTION WAS MADE BY SGT AT ARMS PAUL PRICE. SECONDED BY DEPT
JUDGE ADVOCATE PDC REESE PHILLIPS.(APPROVED)

COMMANDER WISCHMANN STATED THAT THE LAST MEETING MINUTES WERE
HANDED OUT AT THE DEPARTMENT CONVENTION.

COMMANDER WISCHMANN STATED THAT TREASURER'S REPORT WAS HANDED
TO EVERYONE AND TREASURER DAVE BALCERAK WOULD ANSWER ANY
QUESTIONS. ADJUTANT LARDIZZONE STATED THAT ALL TRUSTEES AND PDC
DON PENN WOULD NEED TO ARRIVE 1 HOUR EARLY NEXT MEETING TO AUDIT
THE BOOKS. PDC DON PENN ASKED WHAT WE HAD MADE ON THE CONVENTION
AD BOOK. COMMANDER WISCHMANN STATED THAT WE WERE STILL WAITING
ON SOME PAYMENTS FOR THE AD BOOK AND THAT WE SHOULD HAVE THE
FIGURES NEXT MEETING. COMMANDER WISCHMANN STATED THAT ALL THE

*Sharon Shannon*

1:06-CU-522
Judge G.M.S.

CLOSING PRAYER BY CHAPLAIN THOMAS TENNEY.

NEXT MEETING WILL BE OCT 6, 2004 @ 7:30 P.M. DEPARTMENT
TRUSTEES AND PDC DON PENN REPORT @ 6:30 P.M. TO AUDIT
DEPT BOOKS.

H. MARK WISCHMANN                               PAUL V. LARDIZZONE
COMMANDER                                       ADJUTANT

Sharon Shannon

1:06-CU-522
Judge
G.M.S.

**DEPARTMENT OF VETERANS AFFAIRS**
**Medical and Regional Office Center**
1601 Kirkwood Highway
Wilmington DE 19805

In Reply Refer To:

This statement was faxed to
Camden bldg building after I hurt
myself trying to get in van aug 3. 0
8-04-04 leaving the VAMC.                        SS

To whom it may concern:

Please allow Ms. Sharon Shannon access to
the front seat of the vehicle for her trips .
to the Wilmington VA Hospital.

This is necessary because of her recent hip surgery
and possible injuries that could result from
pathological motion and positions with attempts
to access more remote seating in the vehicle.

Thank you for your consideration.

Ross Grossi, PT

994-2511   x4024

Sharon Shannon

Judge GMS.

**DEPARTMENT OF VETERANS AFFAIRS**
**Medical and Regional Office Center**
1601 Kirkwood Highway
Wilmington DE 19805

This statement was faxed to.
Camden blad, building after I hurt
myself trying to get in van aug 3.0
8-04-04 leaving the VAMC.

In Reply Refer To:

SS.

To whom it may concern:

Please allow Ms. Sharon Shannon access to
the front seat of the Vehicle for her trips.
to the Wilmington VA Hospital.

This is necessary because of her recent hip surgery
and possible injuries that could result from
pathological motion and positions with attempts
to access more remote seating in the vehicle.

Thank you for your consideration.

Ross Grossi, PT

994-2511   x4024

Sharon Shannon

1:06 cv-00522-GMS
Judge G.M.S.

This Statement was
written by Mr. Donald Inskip

actually happened Aug 3 04
on van 18

OCT 1 2004

I AM WRITING THIS
STATEMENT AS TO WHAT
TRANSPIRED ON THE
DAV BUS THAT WAS TRANSPOTING
SHARON MYSELF + ISRIA
TO THE WILMINGTON VA
FOR OUR DR'S APPOINTMENTS
SHARON AND I WERE
WATING FOR THE BUS AT THE
MAGNOLIA FIRE HOUSE.
WHEN THE BUS ARRIVED
ISAIA WAS IN THE FRONT
SEAT. WHEN SHARON AND
MYSELF WENT TO BOARD THE
BUS ISAIA INSITED THAT
SHARON SIT IN THE FRONT
SEAT AND HE WOULD RIDE
WITH ME IN THE BACK
WHEN WE WERE DONE
WE WERE WATING FOR THE
BUS DRIVER TO BRING THE

Sharon Shennon

1:06-CV-522
Judge G.M.S.

bus around for the
return trip. When
she pulled up there was
another woman in the
front seat whom worked
in some capacity for the
VA. As Sharon was getting
ready to get on the bus
in the front seat the lady
was very beligerat and
told Sharon that she
had run the show long
enough and that she
was not in charge at
that she (the woman) was
and that there was
nothing wrong with her
and that she was to
ride in the back and
that Isaia was to ride
in the front. Sharon
had an extremly hard

*Sharon Shannon*

1:06-CV-522

Judge G.M.S.

3

GETTING IN THE BACK OF
THE BUS DUE TO HER
RECENT SURGY. THE
WOMAN KEPT INSISTING
THERE WAS NOTHING WRONG
WITH SHARON. I KNOW
THAT SHARON HURT HERSELF
GETTING IN THE BACK.
        SHARON AT NO
TIME INSISTED SHE
RIDE IN THE FRONT SEAT.
MR ISAIA GAVE HER HIS
SEAT OF HIS OWN CHOICE
        THE BUS DRIVER NOT
ONLY GOT LOST BUT
RAN A STOP SIGN ON THE
AIRBASE. WE ALL HAD TO
INFORM HER HOW TO GET
BACK TO THE FIRE HALL.
I HOPE THIS WILL CLEARLY
THE SITUATION
DONALD HINSKIP

302 335 1599  for Mr. Inskip

S.S
Sharon Shannon

Judge G.M.S.

This Statement was
written by Mr. Donald Inskip

actually happened Aug 3 04
on van 18

OCT 11 2004

I AM WRITING THIS
STATEMENT AS TO WHAT
TRANSPIRED ON THE
DAU BUS THAT WAS TRANSPOTING
SHARON MYSELF + ISRIA
TO THE WILMINGTON VA
FOR OUR DR'S APPOINTMENTS
SHARON AND I WERE
WAITING FOR THE BUS AT THE
MAGDOLIN FIRE HOUSE.
WHEN THE BUS ARRIVED
ISAIA WAS IN THE FRONT
SEAT. WHEN SHARON AND
MYSELF WENT TO BOARD THE
BUS ISAIA INSITED THAT
SHARON SIT IN THE FRONT
SEAT AND NE WOULD RIDE
WITH ME IN THE BACK
WHEN WE WERE DONE
WE WERE WAITING FOR THE
BUS DRIVER TO BRING THE

Sharon Shennon

1:06-CV-522
Judge G.M.S.

BUS AROUND FOR THE
RETURN TRIP. WHEN
SHE PULLED UP THERE WAS
ANOTHER WOMAN IN THE
FRONT SEAT WHOM WORKED
IN SOME CAPACITY FOR THE
VA. AS SHARON WAS GETTING
READY TO GET ON THE BUS
IN THE FRONT SEAT THE LADY
WAS VERY BELIGERAT AND
TOLD SHARON THAT SHE
HAD RUN THE SHOW LONG
ENOUGH AND THAT SHE
WAS NOT IN CHARGE AT
THAT SHE (THE WOMAN) WAS
AND THAT THERE WAS
NOTHING WRONG WITH HER
AND THAT SHE WAS TO
RIDE IN THE BACK AND
THAT ISAIA WAS TO RIDE
IN THE FRONT. SHARON
HAD AN EXTREMLY HARD

Sharon Shannon

1:06-CU-522
Judge G.M.S.

3

GETTING IN THE BACK OF
THE BUS DUE TO HER
RECENT SURGY. THE
WOMAN KEPT INSISTING
THERE WAS NOTHING WRONG
WITH SHARON. I KNOW
THAT SHARON HURT HERSELF
GETTING IN THE BACK.
        SHARON AT NO
TIME INSISTED SHE
RIDE IN THE FRONT SEAT.
MR ISAIA GAVE HER HIS
SEAT OF HIS OWN CHOICE
        THE BUS DRIVER NOT
ONLY GOT LOST BUT
RAN A STOP SIGN ON THE
AIRBASE. WE ALL HAD TO
INFORM HER HOW TO GET
BACK TO THE FIRE HALL.
I HOPE THIS WILL CLEARLY
THE SITUATION
DONALD HINSKIP

302 335 1599  for Mr. Inskip

Sharon Shennon

1:06-CU-522
G.M.S.

DEPARTMENT OF DELAWARE
P.O. BOX 407
CAMDEN, DE 19934
OCT 6, 2004

THE EXECUTIVE MEETING WAS CALLED TO ORDER BY COMMANDER H. MARK
WISCHMANN ON OCT 6, 2004 AT 7:30 P.M.

OPENING CEREMONY BY COMMANDER WISCHMANN AND WE WERE LED IN
PRAYER BY CHAPLAIN THOMAS TENNEY.

ADJUTANT PAUL V. LARDIZZONE CALLED THE ROLL CALL OF OFFICERS. WE HAD
A QUORUM

COMMANDER WISCHMANN STATED THAT THE LAST MEETING MINUTES WERE
MAILED. A MOTION TO ACCEPT THE MINUTES WAS MADE BY SGT AT ARMS PAUL
PRICE. IT WAS SECONDED BY TRUSTEE CHARLES MCKINNEY.  (APPROVED)

TRUSTEE VICTOR RAMAGE ASKED IF PROBLEM WITH LADY ON THE VAN WAS
SETTLED. COMMANDER WISCHMANN SAID THAT THE EXECUTIVE COMMITTEE
VOTED TO BAN HER FROM THE BUILDING AND ANY DEPARTMENT FUNCTIONS
TO INCLUDE THE CONVENTION. A CERTIFIED LETTER WAS SENT TO HER AND SHE
HAD TRANSFERRED TO UNIT 3. COMMANDER WISCHMANN STATED THAT SHE
CAN ATTEND HER UNIT MEETINGS BUT SHE COULDN'T ATTEND ANY
DEPARTMENT FUNCTIONS. NATIONAL DAV SAID WE SHOULD NOT HAVE ANY
CONTACT WITH HER. IT WAS ALSO STATED THAT SHE IS BEING TRANSPORTED
TO THE VA BY THE SEAFORD VAN.

TREASURER'S REPORT WAS HANDED TO EVERYONE .TRUSTEE RAMAGE
NOTICED THAT CHECK #5469 SHOULD HAVE BEEN IN THE AMOUNT OF $200.00,
INSTEAD OF $100.00 AS PRINTED AND CHECK #5470 SHOULD HAVE BEEN $160.00
INSTEAD OF $100.00 AS PRINTED. AFTER REVIEW OF THE GENERAL FUND BOOK
CHECK #5470 WAS CORRECT FOR $100.00. AND CHECK #5469 WAS FOR $200.00. A
REVISED TREASURER'S REPORT WILL BE SENT WITH THE MINUTES. TRUSTEE
VICTOR RAMAGE MADE A MOTION TO WAIT UNTIL NEXT EXEC. MEETING TO
APPROVE FINANCIAL REPORT AFTER IT IS CORRECTED. SECONDED BY JR VICE
RONNIE REVELS. (APPROVED).

COMMANDER WISCHMANN STATED THAT DURING LAST MONTH'S READING OF
THE TREASURER'S REPORT A QUESTION WAS ASKED ABOUT HOW MUCH WE
HAD MADE AT CONVENTION. THE TOTAL INCOME OF FUNDS FOR THE
CONVENTION WAS $10,954. TOTAL EXPENSES WAS $11,060.55. DIFFERENCE WAS
-$106.55. COMMANDER WISCHMANN STATED THAT NEXT YEAR THE COST OF ADS
IN THE AD BOOK WILL GO UP. HE ALSO ASKED THAT IF WE COULD GET MORE

*Sharon Shannon*

1:06-CV-522

$ G.M.S.

H. MARK WISCHMANN
COMMANDER

PAUL V. LARDIZZONE
ADJUTANT

1:06-CU-522

& G.Yn.S.

DEPARTMENT OF DELAWARE
P.O. BOX 407
CAMDEN, DE 19934
OCT 6, 2004

THE EXECUTIVE MEETING WAS CALLED TO ORDER BY COMMANDER H. MARK
WISCHMANN ON OCT 6, 2004 AT 7:30 P.M.

OPENING CEREMONY BY COMMANDER WISCHMANN AND WE WERE LED IN
PRAYER BY CHAPLAIN THOMAS TENNEY.

ADJUTANT PAUL V. LARDIZZONE CALLED THE ROLL CALL OF OFFICERS. WE HAD
A QUORUM

COMMANDER WISCHMANN STATED THAT THE LAST MEETING MINUTES WERE
MAILED. A MOTION TO ACCEPT THE MINUTES WAS MADE BY SGT AT ARMS PAUL
PRICE. IT WAS SECONDED BY TRUSTEE CHARLES MCKINNEY. (APPROVED)

TRUSTEE VICTOR RAMAGE ASKED IF PROBLEM WITH LADY ON THE VAN WAS
SETTLED. COMMANDER WISCHMANN SAID THAT THE EXECUTIVE COMMITTEE
VOTED TO BAN HER FROM THE BUILDING AND ANY DEPARTMENT FUNCTIONS
TO INCLUDE THE CONVENTION. A CERTIFIED LETTER WAS SENT TO HER AND SHE
HAD TRANSFERRED TO UNIT 3. COMMANDER WISCHMANN STATED THAT SHE
CAN ATTEND HER UNIT MEETINGS BUT SHE COULDN'T ATTEND ANY
DEPARTMENT FUNCTIONS. NATIONAL DAV SAID WE SHOULD NOT HAVE ANY
CONTACT WITH HER. IT WAS ALSO STATED THAT SHE IS BEING TRANSPORTED
TO THE VA BY THE SEAFORD VAN.

TREASURER'S REPORT WAS HANDED TO EVERYONE .TRUSTEE RAMAGE
NOTICED THAT CHECK #5469 SHOULD HAVE BEEN IN THE AMOUNT OF $200.00,
INSTEAD OF $100.00 AS PRINTED AND CHECK #5470 SHOULD HAVE BEEN $160.00
INSTEAD OF $100.00 AS PRINTED. AFTER REVIEW OF THE GENERAL FUND BOOK
CHECK #5470 WAS CORRECT FOR $100.00. AND CHECK #5469 WAS FOR $200.00. A
REVISED TREASURER'S REPORT WILL BE SENT WITH THE MINUTES. TRUSTEE
VICTOR RAMAGE MADE A MOTION TO WAIT UNTIL NEXT EXEC. MEETING TO
APPROVE FINANCIAL REPORT AFTER IT IS CORRECTED. SECONDED BY JR VICE
RONNIE REVELS. (APPROVED).

COMMANDER WISCHMANN STATED THAT DURING LAST MONTH'S READING OF
THE TREASURER'S REPORT A QUESTION WAS ASKED ABOUT HOW MUCH WE
HAD MADE AT CONVENTION. THE TOTAL INCOME OF FUNDS FOR THE
CONVENTION WAS $10,954. TOTAL EXPENSES WAS $11,060.55. DIFFERENCE WAS
-$106.55. COMMANDER WISCHMANN STATED THAT NEXT YEAR THE COST OF ADS
IN THE AD BOOK WILL GO UP. HE ALSO ASKED THAT IF WE COULD GET MORE

Sharon Shennon

1:06-CV-522

Judge G.M.S.

H. MARK WISCHMANN
COMMANDER

PAUL V. LARDIZZONE
ADJUTANT

Sharon Shennon

1:06-CU-522
Judge G.M.S.

## BEFORE THE HUMAN RELATIONS COMMISSION
## OF THE STATE OF DELAWARE\

Sharon Shannon,                          )
                                         )
v.                                       )       Charge No. K-PA-630-04
                                         )
Delaware Disabled Veterans Association   )

### DECISION AFTER HEARING

This matter came before the Human Relations Commission for a hearing on

December 2, 2004, in Dover, Delaware.

The panel members hearing the case were Marian Harris (Chair), Wallace Dixon,

and Gail Launay. Sharese McGhee was the Human Relations Representative from the

Division of Human Relations assigned to assist the Panel. Deputy Attorney General

Frederick H. Schranck acted as counsel to the Commission.

Ms. Shannon was represented by Kester L.H. Crosse, Esquire. The Delaware

Disabled Veterans Association (DAV) was represented by Kevin Howard, Esquire.

All parties were sworn and testimony was received from both sides.

The panel then recessed the hearing and reconvened at a later date to conduct its

deliberations.

### FINDINGS AND ORDER:

The panel's initial findings are dispositive of the case before it. The evidence

provided by both sides showed that the operations of the DAV shuttle van service run

were not open to the public. Instead, use of the DAV van (and, in fact the other DAV

facilities such as its clubhouse in Kent County, Delaware) is limited to DAV members,

veterans, family members of veterans, and invited guests. Ms. Shannon, for example, is a

widow of a Vietnam-era Marine, which qualified her to use the DAV van when she did.

Sharon Shannon

1:06-CU-522
Judge G.M.S.

Under these circumstances, Ms. Shannon's complaint about her treatment by the DAV does not implicate the provisions of 6 Del.C. Chapter 45, the Delaware Equal Accommodations Law. This statute is enforced against organizations and other entities offering fully public access. See Section 4502(1). The parties' factual agreement as to the limitations of the DAV service thus takes the case out of the Commission's jurisdiction.

Therefore, this action must be dismissed.

Nonetheless, the Commission Panel members must also note for the record that they were disturbed at some of the hearing evidence, presented over several hours. Some of the attitudes and comments made by the parties and witnesses showed a distressingly immature approach to maintaining good relations with others. In addition, the Panel notes that the DAV services provided in this instance with the cooperation and coordination of the U.S. Department of Veterans Affairs may also implicate Title VI of the Civil Rights Act of 1964 with respect to those parts of the law relating to discrimination in programs supported by Federal expenditures. Any decision to bring this matter to the attention of the Federal authorities is, of course, up to either of the parties, and not the Commission.

SO ORDERED THIS __10th__ DAY OF ___March___, 2005.

Marian R. Harris, Chair

Gail Launay, Panel

Wallace Dixon, Panel

Sharon Shannon

1:06-CV-522

Judge G.M.S.

### BEFORE THE HUMAN RELATIONS COMMISSION
### OF THE STATE OF DELAWARE\

Sharon Shannon,                    )
                                   )
v.                                 )          Charge No. K-PA-630-04
                                   )
Delaware Disabled Veterans Association )

## DECISION AFTER HEARING

This matter came before the Human Relations Commission for a hearing on December 2, 2004, in Dover, Delaware.

The panel members hearing the case were Marian Harris (Chair), Wallace Dixon, and Gail Launay. Sharese McGhee was the Human Relations Representative from the Division of Human Relations assigned to assist the Panel. Deputy Attorney General Frederick H. Schranck acted as counsel to the Commission.

Ms. Shannon was represented by Kester LH. Crosse, Esquire. The Delaware Disabled Veterans Association (DAV) was represented by Kevin Howard, Esquire.

All parties were sworn and testimony was received from both sides. The panel then recessed the hearing and reconvened at a later date to conduct its deliberations.

### FINDINGS AND ORDER:

The panel's initial findings are dispositive of the case before it. The evidence provided by both sides showed that the operations of the DAV shuttle van service run were not open to the public. Instead, use of the DAV van (and, in fact the other DAV facilities such as its clubhouse in Kent County, Delaware) is limited to DAV members, veterans, family members of veterans, and invited guests. Ms. Shannon, for example, is a widow of a Vietnam-era Marine, which qualified her to use the DAV van when she did.

Sharon Shannon

1:06-CU-522
Judge G.M.S.

Under these circumstances, Ms. Shannon's complaint about her treatment by the DAV does not implicate the provisions of 6 Del.C. Chapter 45, the Delaware Equal Accommodations Law. This statute is enforced against organizations and other entities offering fully public access. See Section 4502(1). The parties' factual agreement as to the limitations of the DAV service thus takes the case out of the Commission's jurisdiction.

Therefore, this action must be dismissed.

Nonetheless, the Commission Panel members must also note for the record that they were disturbed at some of the hearing evidence, presented over several hours. Some of the attitudes and comments made by the parties and witnesses showed a distressingly immature approach to maintaining good relations with others. In addition, the Panel notes that the DAV services provided in this instance with the cooperation and coordination of the U.S. Department of Veterans Affairs may also implicate Title VI of the Civil Rights Act of 1964 with respect to those parts of the law relating to discrimination in programs supported by Federal expenditures. Any decision to bring this matter to the attention of the Federal authorities is, of course, up to either of the parties, and not the Commission.

SO ORDERED THIS 10th DAY OF March , 2005.

Marian R. Harris
Marian Harris, Chair

Gail Launay, Panel

Wallace Dixon, Panel

Sharon Shannon

1:06 —CU—522
Judge G.M.S.

### WILLIAMS & CROSSE
#### ATTORNEYS AT LAW
1214 KING STREET
WILMINGTON, DELAWARE 19801

LEONARD L. WILLIAMS - RETIRED
KESTER I. H. CROSSE

TELEPHONE NUMBERS:
(302) 652-3141
(302) 658-3488
FAX (302) 652-3034

March 31, 2005

Ms. Sharon Shannon
239 Spring Valley
Fredericka, Delaware  .9946

>   Re:    **Shannon v. Lardizonne, Dept of DE Disabled American
>           Veterans Assoc., Wischmann, & Kastner
>           Case No.:  K-PA-630-04**

Dear Ms. Shannon:

Enclosed is a copy of the decision of the Human Relations Commission.  It seems that they have decided that the DAV and their facilities are a private club.

There are some rights to appeal.  We must discuss your options.

Very truly yours,

Kester I.H. Crosse

KIHC/ihb

Enclosure

Sharon Shannon

1:06-CU--522
Judge G.M.S.

## WILLIAMS & CROSSE
### ATTORNEYS AT LAW
1214 KING STREET
WILMINGTON, DELAWARE 19801

LEONARD L. WILLIAMS - RETIRED
KESTER I. H. CROSSE

TELEPHONE NUMBERS:
(302) 652-3141
(302) 658-3488
FAX (302) 652-3034

March 31, 2005

Ms. Sharon Shannon
239 Spring Valley
Fredericka, Delaware  9946

Re:    **Shannon v. Lardizonne, Dept of DE Disabled American
Veterans Assoc., Wischmann, & Kastner
Case No.: K-PA-630-04**

Dear Ms. Shannon:

Enclosed is a copy of the decision of the Human Relations Commission.  It seems that they have decided that the DAV and their facilities are a private club.

There are some rights to appeal.  We must discuss your options.

Very truly yours,

Kester I.H. Crosse

KIHC/ihb

Enclosure

Sharon Shannon

1:06-CV-522
Judge G.M.S.

**U.S. Department of Justice**

Civil Rights Division

Coordination and Review Section-NYA
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Doc #231491

JUN 1 2005

Ms. Susan McHugh
Deputy Assistant Secretary for Diversity
  Management and Equal Opportunity
Office of Equal Employment
U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Room 282
Washington, DC 20420

Dear Ms. McHugh:

Enclosed for your review is a letter received by the
Coordination and Review Section of the Civil Rights Division of
the Department of Justice. The matter does not appear to be
within the jurisdiction of our office.

However, the issues raised may fall within the jurisdiction
of your agency and, therefore, we are referring it to you for
appropriate disposition. The writer has been notified of the
referral.

Thank you for your assistance in this matter.

Sincerely,

Merrily A. Friedlander
Chief
Coordination and Review Section
Civil Rights Division

Enclosure

273 883

Sharon Shannon

1:06-CV-522
Judge G.M.S.

**U.S. Department of Justice**

Civil Rights Division

_Coordination and Review Section-NYA_
_950 Pennsylvania Avenue, N.W._
_Washington, DC 20530_

Doc #231491

JUN  1 2005

Ms. Susan McHugh
Deputy Assistant Secretary for Diversity
   Management and Equal Opportunity
Office of Equal Employment
U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Room 282
Washington, DC 20420

Dear Ms. McHugh:

Enclosed for your review is a letter received by the
Coordination and Review Section of the Civil Rights Division of
the Department of Justice. The matter does not appear to be
within the jurisdiction of our office.

However, the issues raised may fall within the jurisdiction
of your agency and, therefore, we are referring it to you for
appropriate disposition. The writer has been notified of the
referral.

Thank you for your assistance in this matter.

Sincerely,

Merrily A. Friedlander
Chief
Coordination and Review Section
Civil Rights Division

Enclosure

273 883

Sharon Shannon

1:06-CV-522
Judge G.M.S.

**U.S. Department of Justice**

Civil Rights Division

*Coordination and Review Section-NYA*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

JUN  1 2005

Doc #231491

Ms. Sharon M. Shannon
239 Spring Valley
Frederica, DE  19946

Dear Ms. Shannon:

Your letter was received by the Coordination and Review
Section of the Civil Rights Division of the Department of
Justice. We have considered carefully the information you have
provided, but the matter does not appear to be within the
jurisdiction of our office.

However, by the enclosed letter, we have referred the
matter to the agency that is most likely to assist you. While I
do not know if they are in a position to intervene in this
matter, your position should be brought to their attention.
If you have any questions, please contact the U.S. Department of
Veterans Affairs at (202) 273-5888.

Sincerely,

Merrily A. Friedlander
Chief
Coordination and Review Section
Civil Rights Division

Enclosure

1'06 - CO - 522

Judge G M S

**U.S. Department of Justice**

Civil Rights Division

*Coordination and Review Section-NYA*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

JUN 1 2005

Doc #231491

Ms. Sharon M. Shannon
239 Spring Valley
Frederica, DE 19946

Dear Ms. Shannon:

Your letter was received by the Coordination and Review Section of the Civil Rights Division of the Department of Justice. We have considered carefully the information you have provided, but the matter does not appear to be within the jurisdiction of our office.

However, by the enclosed letter, we have referred the matter to the agency that is most likely to assist you. While I do not know if they are in a position to intervene in this matter, your position should be brought to their attention. If you have any questions, please contact the U.S. Department of Veterans Affairs at (202) 273-5888.

Sincerely,

Merrily A. Friedlander
Chief
Coordination and Review Section
Civil Rights Division

Enclosure

Sharon Shannon

1106-CV-522
Judge
GMS

**DEPARTMENT OF VETERANS AFFAIRS**
Veterans Health Administration
Washington DC 20420

In investigating complaints, the assigned investigator will attempt to negotiate
voluntary compliance if a violation is found. VHA regulation also provides for the use of
alternative means of dispute resolution, OCT. 21 2005 appropriate, including settlement,
negotiations and conciliation.

In Reply Refer To: 10A2E

• In order to facilitate the investigation, I am sending you an Initial Data Request.
The investigator will review and analyze your response. In order to facilitate our
investigation, I **NOTICE OF INVESTIGATION AND REQUEST FOR DATA** to allegations
listed above, within 15 days of the date of this letter. Please include any pertinent
**October 18, 2005** is, names of witnesses, list as appropriate to support your statement.

**Certified Mail** igated to inform you that no one may intimidate, threaten, coerce, or
engage in other discriminatory conduct against anyone because he or she has either
**Mr. Paul V. Lardizzone, Adjutant** action to secure rights protected by the civil rights laws
**Disabled American Veterans** leging such harassment or intimidation may file a complaint
**Department of Delaware** alleges such a complaint if the situation warrants.
**P.O. Box 407**
**Camden, DE 19934** dom of Information Act, I am providing you with Ms. Shannon's
Complainant Consent/Release Form so you may disclose related correspondence and
**RE: Ms. Sharon Shannon, Complainant** we receive a disclosure request, we will seek to
**Complaint No. 05-101-001** ed by law, personal information that, if disclosed, could
constitute an unwarranted invasion of privacy.
**Dear Mr. Lardizzone:**

If you or your staff wishes to discuss this matter, please feel free to contact Mr.
Arthur **This letter is to notify you that the Veterans Health Administration's Equal
Opportunity Office has received a complaint against your chapter, alleging discrimination
on the basis of race. The complainant, Ms. Sharon Shannon, alleges that the chapter
discriminated against her. The precise issues accepted for investigation are as follows:**

**On February 12, 2004, and on August 9, 2004, she was excluded from a DAV
(Disabled American Veterans) van program that provided transportation from her
residence to the VA Medical Center in Wilmington, Delaware.**

Enclos**On August 27, 2004, because of her alleged conduct and remarks to the dispatcher
and drivers, the DAV in Camden, Delaware issued a letter to her that restricted her from
their property, any meetings or functions, and the Delaware DAV Convention.**

**38 CFR, Chapter 1, Subpart A, Part 18, and VHA Directive 2002-037,
Nondiscrimination in Federally-Conducted and Federally-Assisted (External) Programs
applies. The regulation prohibits discrimination on the basis of race, color, national origin
(limited English proficiency), age, sex, disability, and reprisal and provides guidance to
investigate the complainant's allegations. A desk investigation of this complaint will be
conducted within the next few weeks.**

*Sharon Shannon*

1:06-CV-522
Judge GMS.

In investigating complaints, the assigned investigator will attempt to negotiate voluntary compliance if a violation is found. VHA regulation also provides for the use of alternative means of dispute resolution, where appropriate, including settlement negotiations and conciliation.

In order to facilitate the investigation, I am sending you an initial Data Request. The investigator will review and analyze your response. In order to facilitate our investigation, I request that you submit a position statement responding to the allegations listed above, within 15 days of the date of this letter. Please include any pertinent documents, records, names of witnesses, list as appropriate to support your statement.

I am obligated to inform you that no one may intimidate, threaten, coerce, or engage in other discriminatory conduct against anyone because he or she has either taken action or participated in an action to secure rights protected by the civil rights laws we enforce. Any individual alleging such harassment or intimidation may file a complaint with VHA. We would investigate such a complaint if the situation warrants.

Under the Freedom of Information Act, I am providing you with Ms. Shannon's Complainant Consent/Release Form so you may disclose related correspondence and records upon request. In the event that we receive a disclosure request, we will seek to protect, to the extent provided by law, personal information that, if released, could constitute an unwarranted invasion of privacy.

If you or your staff wishes to discuss this matter, please feel free to contact Mr. Arthur Goff, the investigator at (202) 2738907. Thank you for your cooperation.

Sincerely,

[X] CONSENT — I have read and understand the above information and authorize VHA to reveal my identity to persons at the organization or institution under investigation. I hereby authorize VHA to review, receive material and information about me pertinent to the investigation. This release includes, but is not limited to, personal records. I understand that the material and information will be used for authorized civil rights compliance and enforcement activities. I further understand that I am not required to authorize this release, and do so voluntarily.

*Nevin M. Weaver*
Nevin M. Weaver, FACHE

Enclosure

[ ] CONSENT DENIED — I have read and understand the above information and do not want VHA to reveal my identity to the organization or institution under investigation, or to review, receive copies of, or discuss material and information about me, pertinent to the investigation of my complaint. I understand this is likely to impede the investigation of my complaint and may result in the closure of the investigation.

SIGNATURE                                    DATE

*Sharon Shannon*

Judge Sleet
C. M. S.

**DEPARTMENT OF VETERANS AFFAIRS**
Veterans Health Administration
Washington DC 20420

OCT. 2 1 2005

In Reply Refer To: 10A2E

**NOTICE OF INVESTIGATION AND REQUEST FOR DATA**

October 18, 2005

**Certified Mail**

**Mr. Paul V. Lardizzone, Adjutant**
**Disabled American Veterans**
**Department of Delaware**
**P.O. Box 407**
**Camden, DE 19934**
**RE: Ms. Sharon Shannon, Complainant**
**Complaint No. 05-101-001**
**Dear Mr. Lardizzone:**

This letter is to notify you that the Veterans Health Administration's Equal Opportunity Office has received a complaint against your chapter, alleging discrimination on the basis of race. The complainant, Ms. Sharon Shannon, alleges that the chapter discriminated against her. The precise issues accepted for investigation are as follows:

On February 12, 2004, and on August 9, 2004, she was excluded from a DAV (Disabled American Veterans) van program that provided transportation from her residence to the VA Medical Center in Wilmington, Delaware.

On August 27, 2004, because of her alleged conduct and remarks to the dispatcher and drivers, the DAV in Camden, Delaware issued a letter to her that restricted her from their property, any meetings or functions, and the Delaware DAV Convention.

38 CFR, Chapter 1, Subpart A, Part 18, and VHA Directive 2002-037, Nondiscrimination in Federally-Conducted and Federally-Assisted (External) Programs applies. The regulation prohibits discrimination on the basis of race, color, national origin (limited English proficiency), age, sex, disability, and reprisal and provides guidance to investigate the complainant's allegations. A desk investigation of this complaint will be conducted within the next few weeks.

Sharon Shannon

*1:06-CV-522*
*Judge C.M.S.*

In investigating complaints, the assigned investigator will attempt to negotiate voluntary compliance if a violation is found. VHA regulation also provides for the use of alternative means of dispute resolution, where appropriate, including settlement negotiations and conciliation.

In order to facilitate the investigation, I am sending you an initial Data Request. The investigator will review and analyze your response. In order to facilitate our investigation, I request that you submit a position statement responding to the allegations listed above, within 15 days of the date of this letter. Please include any pertinent documents, records, names of witnesses, list as appropriate to support your statement.

I am obligated to inform you that no one may intimidate, threaten, coerce, or engage in other discriminatory conduct against anyone because he or she has either taken action or participated in an action to secure rights protected by the civil rights laws we enforce. Any individual alleging such harassment or intimidation may file a complaint with VHA. We would investigate such a complaint if the situation warrants.

Under the Freedom of Information Act, I am providing you with Ms. Shannon's Complainant Consent/Release Form so you may disclose related correspondence and records upon request. In the event that we receive a disclosure request, we will seek to protect, to the extent provided by law, personal information that, if released, could constitute an unwarranted invasion of privacy.

If you or your staff wishes to discuss this matter, please feel free to contact Mr. Arthur Goff, the Investigator at (202) 2738907. Thank you for your cooperation.

Sincerely,

[X] CONSENT — I have read and understand the above information and authorize VHA to reveal my identity to persons at the organization or institution under investigation. I hereby authorize VHA to secure material and information about me pertinent to the investigation *Nevin M. Weaver, FACHE* This release includes, but is not limited to personal material and information and understand that the material and information will be used for authorized civil rights compliance and enforcement activities. I further understand that I am not required to submit to this release, and do so voluntarily.

Enclosure

[ ] CONSENT DENIED — I have read and understand the above information and do not want VHA to reveal my identity to the organization or institution under investigation, or to review, receive copies of, or discuss material and information about me, pertinent to the investigation of my complaint. I understand this is likely to impede the investigation of my complaint and may result in the closure of the investigation.

_____
SIGNATURE

_____
DATE

*Sharon J Shannon*

1:06-CV-522

Judge G.M.S

## COMPLAINANT CONSENT/RELEASE FORM

Your Name: Sharon M. Shannon

Address: 239 Spring Valley, Frederica, De. 19946

Complaint number(s): (if known) 05-101-004

*Please read the information below, check the appropriate box, and sign this form.*

I have read the Notice of Investigatory Uses of Personal Information by the Veterans Health Administration (VHA). As a complainant, I understand that in the course of an investigation it may become necessary for VHA to reveal my identity to persons at the organization or institution under investigation. I am also aware of the obligations of VHA to honor requests under the Freedom of Information Act. I understand that it may be necessary for VHA to disclose information, including personally identifying details, which it has gathered as a part of its investigation of my complaint. In addition, I understand that as a complainant I am protected by VHA's regulations from intimidation or retaliation for having taken action or participated in action to secure rights protected by nondiscrimination statutes enforced by VHA.

### CONSENT/RELEASE

[X] CONSENT — I have read and understand the above information, and authorize VHA to reveal my identity to persons at the organization or institution under investigation. I hereby authorize VHA to receive material and information about me pertinent to the investigation of my complaint. This release includes, but is not limited to, personal records and medical records. I understand that the material and information will be used for authorized civil rights compliance and enforcement activities. I further understand that I am not required to authorize this release, and do so voluntarily.

[ ] CONSENT DENIED — I have read and understand the above information and do not want VHA to reveal my identity to the organization or institution under investigation, or to review, receive copies of, or discuss material and information about me, pertinent to the investigation of my complaint. I understand this is likely to impede the investigation of my complaint and may result in the closure of the investigation.

_Sharon M. Shannon_
SIGNATURE

8-13-05
DATE

_Sharon Shannon_

1:06-CV-522
Judge G.M.S.

## COMPLAINANT CONSENT/RELEASE FORM

Your Name: Sharon M. Shannon

Address: 239 Spring Valley, Frederica, De. 19946

Complaint number(s): (if known)  05 - 101 - 004

*Please read the information below, check the appropriate box, and sign this form.*

I have read the Notice of Investigatory Uses of Personal Information by the Veterans Health Administration (VHA). As a complainant, I understand that in the course of an investigation it may become necessary for VHA to reveal my identity to persons at the organization or institution under investigation. I am also aware of the obligations of VHA to honor requests under the Freedom of Information Act. I understand that it may be necessary for VHA to disclose information, including personally identifying details, which it has gathered as a part of its investigation of my complaint. In addition, I understand that as a complainant I am protected by VHA's regulations from intimidation or retaliation for having taken action or participated in action to secure rights protected by nondiscrimination statutes enforced by VHA.

### CONSENT/RELEASE

[X] CONSENT — I have read and understand the above information and authorize VHA to reveal my identity to persons at the organization or institution under investigation. I hereby authorize VHA to receive material and information about me pertinent to the investigation of my complaint. This release includes, but is not limited to, personal records and medical records. I understand that the material and information will be used for authorized civil rights compliance and enforcement activities. I further understand that I am not required to authorize this release, and do so voluntarily.

[ ] CONSENT DENIED — I have read and understand the above information and do not want VHA to reveal my identity to the organization or institution under investigation, or to review, receive copies of, or discuss material and information about me, pertinent to the investigation of my complaint. I understand this is likely to impede the investigation of my complaint and may result in the closure of the investigation.

SIGNATURE _Sharon M. Shannon_

DATE  8-13-05

_Sharon Shannon_

1:06-CV-522
Judge G.M.S.

# DISABLED AMERICAN VETERANS
## Building Better Lives for America's Disabled Veterans

## The DAV Transportation Network



Travel benefit cuts left many vets with no way to get to Department of Veterans Affairs (VA) medical facilities for needed treatment. They're men and women who answered our country's call in times of war. Many lost limbs, sight, hearing, or good health. They may live a great distance from a VA hospital. And so many exist on small fixed incomes, finding the cost of transportation to a VA hospital is just too high. They're left with two choices. They could go without the treatment they need, or skimp on food or other necessities to pay for transportation.

Vet's disabled in our nation's service should never face such dire options. So DAV and Auxiliary volunteers responded, driving vets to and from VA hospitals and clinics. Other grateful Americans are helping too. It's all part of the DAV Transportation Network, administered by DAV Hospital Service Coordinators (HSCs) at the VA's 172 medical centers. The DAV has also donated vans, where needed, to make the program work.

**All DAV van drivers are volunteers and do not receive payment for the services they provide.**

The following Rules and Regulations have been established by the VA and DAV National Headquarters - **Not by the volunteer drivers.**

- The DAV van driver is not to lift or attend medically to any patient
- The DAV van driver is only permitted to stop the van for rest stops and/or emergencies and to pickup and discharge passengers. Passengers should not request the driver to make side trips to take care of their personal business.
- Passengers are not permitted to smoke, chew tobacco, drink alcohol, use foul language or bring weapons, drugs, or any illegal substance on the van. Further, the van driver may not provide transportation to any veteran who is intoxicated, abusive or poses a threat to the driver or other passengers on the van.
- Passengers should not engage in any activity that will distract the drivers attention.
- Passengers should wear seat belts at all times. Any passenger refusing to buckle-up will be denied transportation on the van.
- All trash must be placed in the proper trash receptacle
- Individuals other than the veteran will be permitted to ride in the van with the veteran in only two cases. Any exceptions to this policy must be authorized by the patients attending physician:
    1. a veteran's spouse who has a "Spouse Permission to Travel" slip from the patients doctor, or
    2. a caregiver who is authorized by the VA to provide the veteran with "Aid and Attendance"
- Patients being discharged or granted passes may be transported on a DAV van during the van's trip back to its home city only if space is available. The patient must be ready to leave when the van departs the VA Medical Center.
- Patients should be dressed and ready to leave for the hospital at the time specified.

6/22/2004

*Sharon Shannon*

1:06-CU-522
Judge GMS.

**DISABLED AMERICAN VETERANS**
Building Better Lives for America's Disabled Veterans

## Do You Need a Lift to a VA Medical Facility for Treatment?



Because so many sick and disabled veterans lack transportation to and from VA medical facilities for needed treatment, the DAV operates a nationwide Transportation Network to meet this need.

Across the nation, more than 196 DAV Hospital Coordinators (HSCs) operate more than 180 active programs at VA hospitals and Outpatient Clinics. These HSCs have recruited a corps of nearly 5,000 volunteer drivers whom they coordinate to provide transportation for veterans needing this service. Additionally DAV Departments and Chapters purchase and donate most of the vans to the VA medical facilities for use in the Transportation Network.

DAV HSCs also help veterans file claims for VA benefits, and refer veterans to DAV NSOs for professional benefits assistance.

Use the DAV Hospital Service Coordinator Directory to contact your nearest HSC for information or assistance. Please remember that DAV nationwide Transportation Network program is staffed by volunteers; therefore, it is unable to cover every community. We hope we can help you.

Sharon Shannon

1:06-CV-522
Judge G.M.S

## DISABLED AMERICAN VETERANS
### Building Better Lives for America's Disabled Veterans

### The DAV Transportation Network



Travel benefit cuts left many vets with no way to get to Department of Veterans Affairs (VA) medical facilities for needed treatment. They're men and women who answered our country's call in times of war. Many lost limbs, sight, hearing, or good health. They may live a great distance from a VA hospital. And so many exist on small fixed incomes, finding the cost of transportation to a VA hospital is just too high. They're left with two choices. They could go without the treatment they need, or skimp on food or other necessities to pay for transportation.

Vet's disabled in our nation's service should never face such dire options. So DAV and Auxiliary volunteers responded, driving vets to and from VA hospitals and clinics. Other grateful Americans are helping too. It's all part of the DAV Transportation Network, administered by DAV Hospital Service Coordinators (HSCs) at the VA's 172 medical centers. The DAV has also donated vans, where needed, to make the program work.

**All DAV van drivers are volunteers and do not receive payment for the services they provide.**

The following Rules and Regulations have been established by the VA and DAV National Headquarters - **Not by the volunteer drivers.**

- The DAV van driver is not to lift or attend medically to any patient
- The DAV van driver is only permitted to stop the van for rest stops and/or emergencies and to pickup and discharge passengers. Passengers should not request the driver to make side trips to take care of their personal business.
- Passengers are not permitted to smoke, chew tobacco, drink alcohol, use foul language or bring weapons, drugs, or any illegal substance on the van. Further, the van driver may not provide transportation to any veteran who is intoxicated, abusive or poses a threat to the driver or other passengers on the van.
- Passengers should not engage in any activity that will distract the drivers attention.
- Passengers should wear seat belts at all times. Any passenger refusing to buckle-up will be denied transportation on the van.
- All trash must be placed in the proper trash receptacle
- Individuals other than the veteran will be permitted to ride in the van with the veteran in only two cases. Any exceptions to this policy must be authorized by the patients attending physician:
  1. a veteran's spouse who has a "Spouse Permission to Travel" slip from the patients doctor, or
  2. a caregiver who is authorized by the VA to provide the veteran with "Aid and Attendance".
- Patients being discharged or granted passes may be transported on a DAV van during the van's trip back to its home city only if space is available. The patient must be ready to leave when the van departs the VA Medical Center.
- Patients should be dressed and ready to leave for the hospital at the time specified.

6/22/2004

**DISABLED AMERICAN VETERANS**
Building Better Lives for America's Disabled Veterans

## Do You Need a Lift to a VA Medical Facility for Treatment?



Because so many sick and disabled veterans lack transportation to and from VA medical facilities for needed treatment, the DAV operates a nationwide Transportation Network to meet this need.

Across the nation, more than 196 DAV Hospital Coordinators (HSCs) operate more than 180 active programs at VA hospitals and Outpatient Clinics. These HSCs have recruited a corps of nearly 5,000 volunteer drivers whom they coordinate to provide transportation for veterans needing this service. Additionally DAV Departments and Chapters purchase and donate most of the vans to the VA medical facilities for use in the Transportation Network.

DAV HSCs also help veterans file claims for VA benefits, and refer veterans to DAV NSOs for professional benefits assistance.

Use the DAV Hospital Service Coordinator Directory to contact your nearest HSC for information or assistance. Please remember that DAV nationwide Transportation Network program is staffed by volunteers; therefore, it is unable to cover every community. We hope we can help you.