IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON M. SHANNON, | * | C.A. No. 06-522 (GMS) |
| Plaintiff, | * | |
| v. | * | |
| PAUL LARDIZZONE, H. MARK WISCHMANN, and DOROTHY KASHNER, | * | |
| Defendants. | * | |

### DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SCHMITTINGER & RODRIGUEZ, P.A.

BY: WILLIAM D. FLETCHER, JR.
    Bar I.D. #362
    NOEL E. PRIMOS, ESQUIRE
    Bar I.D. #3124
    414 S. State Street
    P.O. Box 497
    Dover, DE  19903
    (302) 674-0140
    Attorneys for Defendants

DATED: 5/7/07
NEP:pmw

# TABLE OF CONTENTS

|   |   | PAGE |
|---|---|---|
| STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS | | 1 |
| SUMMARY OF ARGUMENT | | 2 |
| STATEMENT OF FACTS | | 3 |
| ARGUMENT | | 5 |
| | I. SUMMARY JUDGMENT STANDARD. | 5 |
| | II. PLAINTIFF'S CLAIMS UNDER TITLE VI FAIL BECAUSE DEFENDANTS ARE INDIVIDUALS RATHER THAN ENTITIES. | 6 |
| | III. PLAINTIFF'S CLAIMS UNDER TITLE VI MUST FAIL BECAUSE NEITHER DEFENDANTS, NOR ANY ENTITY WITH WHICH THEY ARE ASSOCIATED, RECEIVES FEDERAL FINANCIAL ASSISTANCE. | 7 |
| | IV. SUMMARY JUDGMENT SHOULD BE ENTERED ON PLAINTIFF'S CLAIMS FOR SEX DISCRIMINATION BECAUSE SHE MAY NOT PURSUE SUCH CLAIMS UNDER TITLE VI. | 8 |
| | V. PLAINTIFF'S CLAIMS AGAINST DEFENDANT PAUL LARDIZZONE SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO SERVE HIM WITH PROCESS. | 8 |
| CONCLUSION | | 10 |

**TABLE OF AUTHORITIES**

PAGE

**CASES**

Anderson v. Liberty Lobby, Inc.
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . .  5

Celotex Corp. v. Catrett
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . .  5

First National Bank of Arizona v.
    Cities Service Co., 391 U.S. 253 (1968) . . . . . . .  6

Fobbs v. Holy Cross Health System Corp.
    29 F.3d 1439, 1447 (9th Cir. 1994),
    *cert. denied*, 115 S.Ct. 936 (1995) . . . . . . . .  6

Jackson v. Katy Independent School Dist.
    951 F.Supp. 1293 (S.D.Tex. 1996) . . . . . . . . . .  6

Matsushita Elec. Indus. Co. v. Zenith
    Radio Corp., 475 U.S. 574 (1986) . . . . . . . . .  5-6

New York City Jaycees, Inc. v.
    U.S. Jaycees, Inc., 377 F.Supp. 481
    (S.D.NY 1974), rev'd on other grounds,
    512 F.2d 856 (2nd Cir. 1975) . . . . . . . . . . . .  8

Pa. Coal Ass'n v. Babbitt
    63 F.3d 231 (3d Cir. 1995) . . . . . . . . . . . . .  5


**STATUTES AND RULES**

42 U.S.C. §2000d . . . . . . . . . . . . . . . . . . . . .  6

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . 5, 8

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

On August 24, 2006, Plaintiff filed the instant action pursuant to Title VI of the Civil Rights Act of 1964 alleging race and sex discrimination. Defendants filed an Answer and Motion to Dismiss on January 16, 2007.[1]

On February 15, 2007, Defendants filed an affidavit of Defendant Paul Lardizzone with this Court establishing that neither the Defendants nor the entity with which they are associated, Disabled American Veterans, receives federal financial assistance.

On February 22, 2007, this Court issued a Scheduling Order providing, *inter alia*, that all motions to join other parties and amend the pleadings were to be filed on or before April 23, 2007.

This is Defendants' Opening Brief in Support of Summary Judgment on all of Plaintiff's claims.

---

[1] Defendants' Motion to Dismiss filed with their Answer alleges the same legal grounds for dismissal of the Complaint as does the instant Motion for Summary Judgment.

**SUMMARY OF ARGUMENT**

1. Because the proper Defendant in any Title VI is an entity, not an individual, summary judgment must be entered on Plaintiff's claims because all three of the Defendants are individuals rather than entities.

2. Because a claim pursuant to Title VI must allege that an individual has been excluded from participation in, denied the benefits of, or subjected to discrimination under any program or activity receiving federal financial assistance, and because neither Defendants nor any entity with which they are associated receives federal financial assistance, summary judgment must be entered on Plaintiff's claims.

3. Plaintiff's claims for sex discrimination must fail because Title VI addresses only discrimination based upon race, color, or national origin.

4. Plaintiff's claims against Defendant Paul Lardizzone must be dismissed due to insufficiency of service of process, as Defendant Lardizzone has never been personally served with the Complaint.

## STATEMENT OF FACTS

Plaintiff's Complaint alleges discrimination against her on the basis of race and sex. *Inter alia*, Plaintiff claims that she has been refused rides on a van allegedly operated by the Disabled American Veterans Association (hereinafter "the DAV") and has been excluded from the DAV building in Camden, Delaware. However, Plaintiff's Complaint names as Defendants only the three Defendants, who are all individuals, and not the DAV itself.

Defendant Paul Lardizzone is a Past Department Commander and Past State Chapter Commander 1 of the DAV. Defendants Wischmann and Kashner volunteer their services to, but are not employed by, the DAV. See Affidavit of Paul Lardizzone (A1-A2).[2]

The DAV does not own a van or other type of motor vehicle used to transport patients to the VA Medical Center, nor does it receive any federal funding in connection with any said motor vehicles. All staff members of the Dover chapter of the DAV are volunteers and do not receive any compensation from any federal sources whatsoever. Neither the DAV nor any of the individual Defendants have received any federal financial assistance or federal funding at any time relevant to the Complaint nor has the DAV received monies from the State of Delaware that were initially

---

[2] Reference is to the Appendix filed herewith.

received from the Federal Government.  See Affidavit of Paul Lardizzone.  (A1-A2).

**ARGUMENT**

**I.    SUMMARY JUDGMENT STANDARD.**

Summary judgment must be entered if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

If the moving party has established an absence of material fact, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The Court does "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995)  However, the fact that some evidence exists to support the non-moving party's claim is not necessarily enough to survive summary judgment; rather, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "[W]here the record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment should be issued. Matsushita, 475 U.S. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968)).

## II. PLAINTIFF'S CLAIMS UNDER TITLE VI FAIL BECAUSE DEFENDANTS ARE INDIVIDUALS RATHER THAN ENTITIES.

Plaintiff has filed her claims in this action pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, which provides as follows:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

In order to state a claim under Title VI, a Plaintiff must allege (1) that the entity involved has perpetrated racial or other prohibited discrimination, and (2) that the entity involved is a recipient of Federal financial assistance. Jackson v. Katy Independent School Dist., 951 F.Supp. 1293, 1298 (S.D.Tex. 1996) (citing Fobbs v. Holy Cross Health System Corp., 29 F.3d 1439, 1447 (9th Cir. 1994), cert. denied, 115 S.Ct. 936 (1995)). Thus, "the proper Defendant in a Title VI case is an entity rather than an individual...." Jackson, 951 F.Supp. at 1298. In Jackson, where the Plaintiff had sued both a school district and a principal, the Court held that the principal could not be

sued in his individual capacity, and therefore Plaintiff's Title VI claim was dismissed as to him.

In the instant case, Plaintiff has sued three individuals. For this reason, Plaintiff's claims must be dismissed in their entirety, as the period for amending the pleadings established by this Court's Scheduling Order has now expired.

### III. PLAINTIFF'S CLAIMS UNDER TITLE VI MUST FAIL BECAUSE NEITHER DEFENDANTS, NOR ANY ENTITY WITH WHICH THEY ARE ASSOCIATED, RECEIVES FEDERAL FINANCIAL ASSISTANCE.

Even were Plaintiff permitted to amend her Complaint, at this late hour, to add an entity as a Defendant, summary judgment must be entered on Plaintiff's claims because the only entity with which the three individuals are associated, the DAV, receives no Federal financial assistance. See, e.g., Grimes v. Superior Home Healthcare of Middle Tennessee, Inc., 929 F.Supp. 1088 (M.D.Tenn. 1996) (prohibition against discrimination contained in Title VI applies only if Defendant receives Federal funds); Dowdell v. City of Apopka, Fla., 511 F.Supp. 1375 (M.D.Fla. 1981), aff'd, 698 F.2d 1181 (plaintiffs in Title VI action were required to show that City was recipient of Federal financial aid).

As stated in his affidavit, Defendant Lardizzone has personal knowledge of the financial records and books of the DAV. In his sworn affidavit, he has stated that neither the DAV nor any of the individual Defendants receive any type of

7

Federal funding, and furthermore that the Federal government does not give funds to the State of Delaware which are then passed on to the DAV. Accordingly, summary judgment should be entered on all of Plaintiff's claims because neither the individual Defendants, nor the entity with which they are associated, receives Federal financial assistance.

### IV. SUMMARY JUDGMENT SHOULD BE ENTERED ON PLAINTIFF'S CLAIMS FOR SEX DISCRIMINATION BECAUSE SHE MAY NOT PURSUE SUCH CLAIMS UNDER TITLE VI.

Plaintiff's claims of sex discrimination should also be dismissed because Title VI does not prohibit discrimination on the basis of sex. See New York City Jaycees, Inc. v. U.S. Jaycees, Inc., 377 F.Supp. 481, 487 (S.D.NY 1974), rev'd on other grounds, 512 F.2d 856 (2nd Cir. 1975). Accordingly, Plaintiff's claims of sex discrimination must fail.

### V. PLAINTIFF'S CLAIMS AGAINST DEFENDANT PAUL LARDIZZONE SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO SERVE HIM WITH PROCESS.

Fed. R. Civ. P. 4(e) provides that a summons and complaint must be served personally upon an individual Defendant. Fed. R. Civ. P. 4(m) provides that an action shall be dismissed where service of a Summons and Complaint has not been made upon a Defendant within 120 days after the filing of the Complaint. In this case, the Complaint was filed on August 24, 2006. Since service has not been made

upon Defendant Lardizzone within 120 days, all claims against Defendant Lardizzone should be dismissed.

## CONCLUSION

For the reasons set forth in this Opening Brief, summary judgment should be entered in favor of Defendants on all of Plaintiff's claims.

                                      Respectfully submitted,
                                      SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
     WILLIAM D. FLETCHER, JR.
     Bar I.D. #362

BY: _____
     NOEL E. PRIMOS, ESQUIRE
     Bar I.D. #3124
     414 S. State Street
     P.O. Box 497
     Dover, DE  19903
     (302) 674-0140
     Attorneys for Defendants

DATED: 5/7/07
NEP:pmw