IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHARON M. SHANNON, Plaintiff,

v.

PAUL LARDIZZONE, H. MARK WISCHMANN, and DOROTHY KASHNER, Defendants.

C.A. No. 06-522 (GMS)

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

SCHMITTINGER & RODRIGUEZ, P.A.

BY: WILLIAM D. FLETCHER, JR.
Bar I.D. #362
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorneys for Defendants

DATED: May 29, 2007
NEP:pmw

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. SUMMARY JUDGMENT IS APPROPRIATE AT THIS TIME. . . 1

II. PLAINTIFF'S CLAIMS UNDER TITLE VI MUST FAIL BECAUSE DEFENDANTS ARE INDIVIDUALS RATHER THAN ENTITIES. . 2

III. PLAINTIFF'S CLAIMS UNDER TITLE VI MUST FAIL BECAUSE NEITHER DEFENDANTS, NOR ANY ENTITY WITH WHICH THEY ARE ASSOCIATED, RECEIVES FEDERAL FINANCIAL ASSISTANCE. . . . . . . . . . . . . . . . . . . . 3

IV. SUMMARY JUDGMENT SHOULD BE ENTERED ON PLAINTIFF'S CLAIMS FOR SEX DISCRIMINATION BECAUSE SHE MAY NOT PURSUE SUCH CLAIMS UNDER TITLE VI. . . . . . . . . 4

V. PLAINTIFF'S CLAIMS AGAINST DEFENDANT PAUL LARDIZZONE SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO SERVE HIM WITH PROCESS. . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

PAGE

## CASES

Celotex Corp. v. Catrett
477 U.S. 317 (1996) . . . . . . . . . . . . . . . . . . . . 1

Grimes v. Superior Home Healthcare of Middle Tennessee, Inc., 929 F.Supp. 1088 (M.D. Tenn. 1996) . . . . . . . . . . . . . . . . . . 3

Jackson v. Katy Independent School Dist.
951 F.Supp. 1293 (S.D. Tex. 1996) . . . . . . . . . . . . . . 2

## STATUTES AND OTHER AUTHORITIES

Fed.R.Civ.P. 56 . . . . . . . . . . . . . . . . . . . . . 1, 5

**ARGUMENT**

**I. SUMMARY JUDGMENT IS APPROPRIATE AT THIS TIME.**

In her response to Defendants' Motion for Summary Judgment, e-filed on May 17, 2007, Plaintiff argues that Defendants' Motion should be dismissed because she allegedly has not had adequate time to request or obtain discovery. Plaintiff, however, misinterprets Fed.R.Civ.P. 56. While the United States Supreme Court has held that Rule 56 mandates the entry of summary judgment after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1996), Rule 56 also clearly states that a defendant may move for summary judgment at any time in the litigation. Fed.R.Civ.P. 56(b).

Moreover, despite Plaintiff's claims to the contrary, adequate time for discovery has been afforded to Plaintiff. This Court issued the Scheduling Order in this case on February 22, 2007. Nearly three months elapsed between that date and Plaintiff's filing of a response to Defendants' Motion for Summary Judgment. Accordingly, Plaintiff did have adequate time for discovery, and she did not utilize it.

More importantly, however, Plaintiff has not shown -- and, indeed, she cannot show -- that further discovery would assist her in any way in resisting summary judgment. The fact remains that Plaintiff has sued individuals, not an entity, and the time set by this Court for amending the pleadings has expired. The fact

remains that neither the individual Defendants, nor an entity with which they are associated, receives federal financial assistance. The fact remains that claims for sex discrimination are simply not permitted under Title VI. Finally, the fact remains that Defendant Paul Lardizzone has never been served with process, and more than 120 days have elapsed since the filing of the Complaint. Further discovery will not assist the Plaintiff in rectifying any of these fatal problems with her case. Accordingly, the only argument offered by Plaintiff in opposition to Defendants' Motion -- that she has not been afforded adequate time for discovery -- must be rejected, and summary judgment entered in favor of Defendants.

## II. PLAINTIFF'S CLAIMS UNDER TITLE VI MUST FAIL BECAUSE DEFENDANTS ARE INDIVIDUALS RATHER THAN ENTITIES.

As Defendants noted in their Opening Brief, "the proper Defendant in a Title VI case is an entity rather than an individual. . . ." Jackson v. Katy Independent School Dist., 951 F.Supp. 1293, 1298 (S.D. Tex. 1996). In this case, Plaintiff has sued only individuals, and not an entity. In her response to Defendants' Motion for Summary Judgment, Plaintiff has completely failed to address this point. Accordingly, because Plaintiff's Complaint alleges only violations of Title VI, and because she has sued only individuals and not an entity, all of her claims fail, and summary judgment must be entered in favor of Defendants.

**III. PLAINTIFF'S CLAIMS UNDER TITLE VI MUST FAIL BECAUSE NEITHER DEFENDANTS, NOR ANY ENTITY WITH WHICH THEY ARE ASSOCIATED, RECEIVES FEDERAL FINANCIAL ASSISTANCE.**

As Defendants noted in their Opening Brief, a Title VI claim may be pursued only if the Defendant receives federal funds. See e.g., Grimes v. Superior Home Healthcare of Middle Tennessee, Inc., 929 F.Supp. 1088 (M.D. Tenn. 1996). As Defendants also noted in their Opening Brief, neither the three individuals who are Defendants in this case, nor any entity with which they are associated, receives federal financial assistance.

Again, Plaintiff has failed to address this point in her response to Defendants' Motion. However, Plaintiff has attached numerous unorganized pages of documents to her response, which she has failed to denominate as an appendix. The Clerk, through the e-filing system, has apparently identified a portion of these documents as "Document 26-3" and has paginated the 80 pages of documents. At page 49 of Document 26-3 is found a decision of the Department of Veterans Affairs (hereinafter "the VA") regarding Plaintiff's claim of racial discrimination against the DAV. The VA determined that the weight of the evidence failed to support a finding that Plaintiff had been discriminated against due to her race. (Document 26-3, page 49). At page 51, the decision states, in an introductory portion, that "[t]he DAV is a recognized national veteran organization that receives Federal financial assistance from VA."

However, the Disabled American Veterans Department of Delaware -- the only entity having a relationship to any of

Plaintiff's complaints in this case -- receives no federal funding. The sources of funding for the DAV national organization referenced in the VA decision filed by Plaintiff are distinct from the sources of monies of the DAV Department of Delaware (the entity with which Defendants were affiliated). See Affidavit of Paul Lardizzone (C1-C2).[1] The annual financial reports for 2003-2004 and 2004-2005 attached to Mr. Lardizzone's Affidavit (covering the period of time of the alleged discrimination against Plaintiff) demonstrate that the DAV Department of Delaware received no monies from federal sources during the period in question. See financial reports. (C3-C6).

As noted supra, Plaintiff has failed to name an entity as a Defendant, and the time set by this Court for amendments to the pleadings has expired. Even if Plaintiff were to be allowed to add a Defendant at this late date, however, the DAV Department of Delaware -- the entity with which Defendants were associated -- does not receive federal funds, and Plaintiff's claims under Title VI therefore fail.

## IV. SUMMARY JUDGMENT SHOULD BE ENTERED ON PLAINTIFF'S CLAIMS FOR SEX DISCRIMINATION BECAUSE SHE MAY NOT PURSUE SUCH CLAIMS UNDER TITLE VI.

As argued in the Opening Brief, Title VI does not prohibit discrimination on the basis of sex. New York City Jaycees, Inc. v. U.S. Jaycees, Inc., 377 F.Supp. 481, 487 (S.D. N.Y. 1974),

1 Included in Appendix to Defendants' Reply Brief.

rev'd on other grounds, 512 F.2d 856 (2d Cir. 1975). Plaintiff has failed to address this point of Defendants' Opening Brief as well. Accordingly, Plaintiffs' claims of sex discrimination must be dismissed.

**V. PLAINTIFF'S CLAIMS AGAINST DEFENDANT PAUL LARDIZZONE SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO SERVE HIM WITH PROCESS.**

Defendants argued in their Opening Brief that any claims against Paul Lardizzone, if they are not dismissed for the reasons provided supra, must be dismissed because the Summons and Complaint have never been served upon him, and more than 120 days have elapsed since the filing of the Complaint. Fed.R.Civ.P. 4(m). Plaintiff has failed to address this argument as well in her response to Defendants' Motion. Accordingly, judgment must be entered in favor of Defendant Lardizzone on all of Plaintiff's claims.

**CONCLUSION**

This case is ripe for summary judgment. Further discovery simply will not allow Plaintiff to remedy the fatal defects in her claims. Accordingly, summary judgment should be entered in favor of Defendants on all of Plaintiff's claims.

Respectfully submitted,

SCHMITTINGER & RODRIGUEZ, P.A.

BY: William D. Fletcher, Jr. by Noel E. P.
WILLIAM D. FLETCHER, JR.
Bar I.D. #362

BY: Noel E. P.
NOEL E. PRIMOS
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorneys for Defendants

DATED: May 29, 2007
NEP:pmw

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON M. SHANNON, | * | C.A. No. 06-522 (GMS) |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **AFFIDAVIT** |
| | * | |
| PAUL LARDIZZONE, H. MARK WISCHMANN, and DOROTHY KASHNER, | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

STATE OF DELAWARE :

COUNTY OF KENT :

BE IT REMEMBERED that on this 25th day of May, A.D., 2007, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, PAUL LARDIZZONE, known to me personally to be such, and he did depose and state the following:

1. I am at least 18 years old;
2. I am competent to make this statement;
3. I am the Custodian of Records for the entity Disabled American Veterans Department of Delaware;
4. I am in possession of the Annual Financial Reports for the fiscal years of July 1, 2003-June 30, 2004 and July 1, 2004- June 30, 2005 for Disabled American Veterans Department of Delaware which are attached;
5. The attached Annual Financial Report documents were prepared in the ordinary course of the entity's activities;
6. The attached Annual Financial Report documents for each of the identified fiscal years are accurate;

7. The attached Annual Financial Report documents demonstrate that no monies were received from federal sources by Disabled American Veterans Department of Delaware;

8. I can state that there is a distinction in sources of monies between the Disabled American Veterans national entity and the Disabled American Veterans Department of Delaware;

9. I can state that the Disabled American Veterans referenced in the Delaware Department of Labor findings filed by Ms. Shannon on May 17, 2007, that allege funding from federal sources, reference the national entity and not the Disabled American Veterans Department of Delaware;

10. The only entity having any relationship to the complaints of Sharon Shannon in this matter was the Disabled American Veterans Department of Delaware and it does not receive any funding from federal sources, as documented in the attached Annual Financial Report documents.

Paul V. Lardizzone
Paul Lardizzone

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

Lorraine F. Welsh
Notary Public

LORRAINE F. WELSH
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES FEB. 9, 2009

1st Corrected Copy



# DISABLED AMERICAN VETERANS
# ANNUAL FINANCIAL REPORT

CHAPTER ______ (NAME & NUMBER) STATE DEPARTMENT OF DELAWARE

LOCATED AT CAMDEN (CITY) DE (STATE) ACCOUNTING PERIOD FROM July 1, 2003 to June 30, 2004

## CASH (LIQUID ASSETS) REPORT

BEGINNING BALANCE *(Ending Amount of Liquid Assets from Last Year's Report)* 21683.95

**THIS YEAR'S INCOME OR RECEIPTS:**

| | | |
|---|---|---|
| 1. | DUES *(PER CAPITA FROM NATIONAL HQ)* | $ 7950.25 |
| 2. | FORGET-ME-NOT DRIVE | |
| 3. | BINGO *(GROSS RECEIPTS)* | |
| 4. | THRIFT STORE *(GROSS RECEIPTS)* | |
| 5. | BAR/LOUNGE *(GROSS RECEIPTS)* | |
| 6. | INTEREST & DIVIDEND INCOME *(CHECKING, SAVINGS, C.D.'S ONLY)* | 14.67 |
| 7. | NATIONAL FUNDRAISING PROGRAM *(DEPARTMENTS ONLY)* | 12970.00 |
| 8. | INCREASE IN MARKET VALUE OF INVESTMENTS ON LINE 26 DURING ACCOUNTING PERIOD | |
| 9. | OTHER INCOME *(ATTACH SCHEDULE)* | 80963.47 |
| 10. | **INCOME *(LINES 1 THRU 9)*** | $ 101898.39 |

IF THE TOTAL OF LINES 2 THRU 9 EXCEEDS $300,000 THE REPORT MUST BE AUDITED BY A CERTIFIED PUBLIC ACCOUNTANT.

**THIS YEAR'S EXPENSES OR DISBURSEMENTS:**

| | | |
|---|---|---|
| 11. | SALARIES, PAYROLL TAXES & EMPLOYEE BENEFITS FOR ADMINISTRATIVE PERSONNEL ONLY (ATTACH SCHEDULE) | $ |
| 12. | CONVENTIONS/CONFERENCES/SEMINARS *(ATTACH LIST SHOWING NAMES AND AMOUNTS)* | 12848.70 |
| 13. | POSTAGE & OFFICE SUPPLIES | 1289.19 |
| 14. | SERVICE/CHARITABLE *(COMPLETE AND ATTACH REQUIRED SERVICE/CHARITABLE EXPENSES SCHEDULE)* | 49131.54 |
| 15. | FORGET-ME-NOT EXPENSES *(COST OF DRIVE ONLY)* | |
| 16. | BINGO EXPENSES, INCLUDING BINGO SALARIES & PAYROLL TAXES *(ATTACH SCHEDULE)* | |
| 17. | THRIFT STORE EXPENSES, INCLUDING THRIFT STORE SALARIES & PAYROLL TAXES (ATTACH SCHEDULE) | |
| 18. | BAR/LOUNGE EXPENSES, INCLUDING BAR/LOUNGE SALARIES & PAYROLL TAXES *(ATTACH SCHEDULE)* | |
| 19. | CHAPTER HOME/DEPARTMENT HQ. EXPENSES *(ATTACH SCHEDULE)* | 15398.33 |
| 20. | DECREASE IN MARKET VALUE OF INVESTMENTS ON LINE 26 DURING ACCOUNTING PERIOD | |
| 21. | OTHER *(ATTACH SCHEDULE)* | 791.38 |
| 22. | **EXPENSES *(LINES 11 THRU 21)*** | $ 79459.14 |

ENDING BALANCE *(Beginning Balance Plus Line 10 minus line 22)* 44123.20

**STATEMENT OF LIQUID ASSETS: (*See definition below)**

| | | |
|---|---|---|
| 23. | CHECKING ACCOUNTS/CASH ON HAND | $ 44123.20 |
| 24. | SAVINGS ACCOUNTS | |
| 25. | CD'S | |
| 26. | MARKET VALUE OF INVESTMENTS *AS OF END OF ACCOUNTING PERIOD* **(Attach itemized list of stocks, bonds, etc.)** | |
| 27. | **TOTAL LIQUID ASSETS *(Lines 23 thru 26)*** *(Should Equal Amount on Ending Balance Line)* | $ 44123.20 |

***Liquid assets are those assets which are readily convertible to cash, and do not include real or physical property such as Real estate or furniture and fixtures. If applicable, complete and attach Other Assets Schedule to this report.***

NAME OF BANK(S) AND LOCATION WILMINGTON TRUST, DE

NAMES OF AUTHORIZED SIGNERS ON BANK ACCOUNTS DAVID J. RACCHIRAK & PAUL V. LAPOINTE

**SIGNED BY AUDIT COMMITTEE:** *(THREE MEMBERS)* *(MUST NOT INCLUDE, COMM., SR. VICE, TREAS., ADJ., OR FINANCE CHMN.)*

[signature] MEMBER

[signature] MEMBER

[signature] MEMBER

DATE 10-12-04

**SUBMITTED BY:**

[signature]

DEPT TREASURER — TITLE

DATE 10-12-04

THIS FORM IS REQUIRED TO BE FILED ANNUALLY BY THE NATIONAL CONSTITUTION AND BYLAWS ARTICLE 8, SECTION 8.4, ARTICLE 9, SECTION 9.3 AND ARTICLE 10 SECTION 10.2. IF GROSS RECEIPTS OF CHAPTER, EXCLUDING DUES, ARE LESS THAN $10,000, SUBMIT REPORT TO STATE DEPARTMENT ONLY.

DEPARTMENT OF DELAWARE
BREAKDOWN
2003-2004

OTHER INCOME

LINE #9

| | |
|---|---|
| Grant In Aid from State of Delaware | |
| Service Officers only | $44446.00 |
| Colorado Trust | 9000.00 |
| Casino | 7451.00 |
| Rentals | 5488.00 |
| Ad Book | 2090.00 |
| Sweepstakes | 4842.00 |
| Door Prize | 152.00 |
| Meals | 1305.00 |
| Delegate Fees | 718.00 |
| Rooms | 1025.00 |
| WWII Memorial Trip | 1124.00 |
| Transportation | 2038.25 |
| District #4 Refund for meals | 1026.22 |
| DAV National Convention | |
| Reimbursement for plane ticket | 258.00 |
| TOTAL | $80963.47 |

EXPENSES/DISBURSEMENTS

LINE # 12 Conventions/Conferences/Seminars

| | |
|---|---|
| State of Delaware Convention | $ 9292.38 |
| District #4 Paul Lardizzone | 527.00 |
| H. Mark Wischmann | 527.00 |
| National Convention - H. Mark Wischmann | 1137.00 |
| Paul Lardizzone | 1365.32 |
| TOTAL | $12848.70 |

SERVICE/CHARITABLE EXPENSES SCHEDULE

| | | | |
|---|---|---|---|
| **LINE #14** | Other Service/Charitable Expenses | Blind DE Vet Chapter | $160.00 |
| | | Camden/Wyoming Fire Co. | 100.00 |
| **LINE #19** | Chapter Home/Dept HQ. Expenses | Mortgage | $ 11235.96 |
| | | Utilities | 3785.12 |
| | | Bank Fees | 377.25 |
| | | **TOTAL #19** | **$ 15398.33** |
| **LINE #21** | OTHER | Casino | $ 609.81 |
| | | Christmas Party | 181.57 |
| | | **TOTAL OTHER** | **$ 791.38** |

# DISABLED AMERICAN VETERANS
## ANNUAL FINANCIAL REPORT

CHAPTER ______________ (NAME & NUMBER) STATE DEPARTMENT OF DELAWARE

LOCATED AT CAMDEN (CITY) DE (STATE) ACCOUNTING PERIOD FROM July 1, 04 to June 30, 05

**CASH (LIQUID ASSETS) REPORT**

BEGINNING BALANCE [redacted]

**THIS YEAR'S INCOME OR RECEIPTS:**

| | | |
|---|---|---|
| 1. | DUES *(PER CAPITA FROM NATIONAL HQ)* | $ 7454.25 |
| 2. | FORGET-ME-NOT DRIVE | |
| 3. | BINGO *(GROSS RECEIPTS)* | |
| 4. | THRIFT STORE *(GROSS RECEIPTS)* | |
| 5. | BAR/LOUNGE *(GROSS RECEIPTS)* | |
| 6. | INTEREST & DIVIDEND INCOME *(CHECKING, SAVINGS, C.D.'S ONLY)* | 23.73 |
| 7. | NATIONAL FUNDRAISING PROGRAM *(DEPARTMENTS ONLY)* | 12771.75 |
| 8. | INCREASE IN MARKET VALUE OF INVESTMENTS ON LINE 26 DURING ACCOUNTING PERIOD | |
| 9. | OTHER INCOME *(ATTACH SCHEDULE)* | 80139.90 |
| 10. | INCOME *(LINES 1 THRU 9)* | $ 100389.63 |

IF THE TOTAL OF LINES 2 THRU 9 EXCEEDS $300,000 THE REPORT MUST BE AUDITED BY A CERTIFIED PUBLIC ACCOUNTANT.

**THIS YEAR'S EXPENSES OR DISBURSEMENTS:**

| | | |
|---|---|---|
| 11. | SALARIES, PAYROLL TAXES & EMPLOYEE BENEFITS FOR ADMINISTRATIVE PERSONNEL ONLY (ATTACH SCHEDULE) | $ |
| 12. | CONVENTIONS/CONFERENCES/SEMINARS *(ATTACH LIST SHOWING NAMES AND AMOUNTS)* | 17038.06 |
| 13. | POSTAGE & OFFICE SUPPLIES | 6442.26 |
| 14. | SERVICE/CHARITABLE *(COMPLETE AND ATTACH REQUIRED SERVICE/CHARITABLE EXPENSES SCHEDULE)* | 60418.17 |
| 15. | FORGET-ME-NOT EXPENSES *(COST OF DRIVE ONLY)* | |
| 16. | BINGO EXPENSES, INCLUDING BINGO SALARIES & PAYROLL TAXES *(ATTACH SCHEDULE)* | |
| 17. | THRIFT STORE EXPENSES, INCLUDING THRIFT STORE SALARIES & PAYROLL TAXES (ATTACH SCHEDULE) | |
| 18. | BAR/LOUNGE EXPENSES, INCLUDING BAR/LOUNGE SALARIES & PAYROLL TAXES *(ATTACH SCHEDULE)* | |
| 19. | CHAPTER HOME/DEPARTMENT HQ. EXPENSES *(ATTACH SCHEDULE)* | 32464.89 |
| 20. | DECREASE IN MARKET VALUE OF INVESTMENTS ON LINE 26 DURING ACCOUNTING PERIOD | |
| 21. | OTHER *(ATTACH SCHEDULE)* | 1261.39 |
| 22. | EXPENSES *(LINES 11 THRU 21)* | $ 117624.77 |

ENDING BALANCE [redacted]

**STATEMENT OF LIQUID ASSETS: (*See definition below)**

| | | |
|---|---|---|
| 23. | CHECKING ACCOUNTS/CASH ON HAND | $ 26888.06 |
| 24. | SAVINGS ACCOUNTS | |
| 25. | CD'S | |
| 26. | MARKET VALUE OF INVESTMENTS *AS OF END OF ACCOUNTING PERIOD* **(Attach itemized list of stocks, bonds, etc.)** | |
| 27. | TOTAL LIQUID ASSETS *(Lines 23 thru 26)* *(Should Equal Amount on Ending Balance Line)* | $ 26888.06 |

**Liquid assets are those assets which are readily convertible to cash, and do not include real or physical property such as Real estate or furniture and fixtures. If applicable, complete and attach Other Assets Schedule to this report.*

NAME OF BANK(S) AND LOCATION WILMINGTON TRUST, WILMINGTON, DE

NAMES OF AUTHORIZED SIGNERS ON BANK ACCOUNTS David J. Balcerak - Paul Lardizzone

SIGNED BY AUDIT COMMITTEE: *(THREE MEMBERS)* *(MUST NOT INCLUDE, COMM., SR. VICE, TREAS., ADJ., OR FINANCE CHMN.)*

Robert Jones
MEMBER

Joe [illegible]
MEMBER

Harry D. [illegible]
MEMBER

DATE Sept 21, 2005

SUBMITTED BY: David J. Balcerak

Treasurer
TITLE

DATE 21 Sept 05

THIS FORM IS REQUIRED TO BE FILED ANNUALLY BY THE NATIONAL CONSTITUTION AND BYLAWS ARTICLE 8, SECTION 8.4, ARTICLE 9, SECTION 9.3 AND ARTICLE 10 SECTION 10.2. IF GROSS RECEIPTS OF CHAPTER, EXCLUDING DUES, ARE LESS THAN $10,000, SUBMIT REPORT TO STATE DEPARTMENT ONLY.

901308 (REV. 1/03)

MAIL TO DAV STATE DEPARTMENT HEADQUARTERS

DEPARTMENT OF DELAWARE
DISABLED AMERICAN VETERANS
BREAKDOWN
2004-2005

OTHER INCOME

LINE #9

| | | |
|---|---|---|
| Grant In Aid from State of Delaware<br>Service Officers only | | $ 45779.00 |
| Colorado Trust | | 9000.00 |
| Casino | | 8434.00 |
| Rentals | | 3255.00 |
| Convention | | 11251.55 |
| Ad Book | $ 2659.55 | |
| Sweepstakes | 5255.00 | |
| Meals | 1645.00 | |
| Rooms | 990.00 | |
| Pre-Registration | 627.00 | |
| Door Prizes | 75.00 | |
| Donations | | 2420.35 |
| TOTAL line 9 | | $ 80139.90 |

EXPENSES/DISBURSEMENTS

LINE #12

| | |
|---|---|
| National Convention (Reno, NV)<br>Mark Wischmann<br>Paul Lardizzone | $ 4127.05 |
| District #4<br>Don Penn<br>Ronnie Revels<br>Ray Stanfield | 3377.38 |
| Department of DE State Convention | 9533.63 |
| TOTAL Line 12 | $ 17038.06 |

LINE #14 Other Service/Charitable Expenses

| | |
|---|---|
| DAV Life Memorial | $ 125.00 |
| National Blind Chapter | 100.00 |
| Camden/Wyoming Fire Department | 100.00 |
| VVA Chapter 546 | 100.00 |
| TOTAL | $ 425.00 |

LINE #19 Chapter Home/Dept HQ Expenses

| | |
|---|---|
| Mortgage | $ 11185.80 |
| Insurance | 6766.74 |
| Utilities | 5330.25 |
| Building Repairs | 3722.33 |
| Legal Fees | 2550.00 |
| Lawn Expenses | 2177.90 |
| Pest Control | 380.00 |
| Security | 351.87 |
| TOTAL | $ 32464.89 |

LINE #21 OTHER

| | |
|---|---|
| Bank Fee | $ 504.70 |
| Scholarship | 500.00 |
| Casino | 231.69 |
| Franchise Tax | 25.00 |
| TOTAL | $ 1261.39 |

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused copies of the following:

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
and
**APPENDIX TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

to be served upon: SHARON M. SHANNON
239 Spring Valley
Frederica, DE 19946

by electronic service and first class mail by mailing copies to her at her address listed above, postage prepaid, on May 29, 2007.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: William D. Fletcher, Jr. by Noel E. P.
WILLIAM D. FLETCHER, JR.
Bar I.D. #362
414 S. State Street
P.O. Box 497
Dover, DE 19901
(302) 674-0140
Attorneys for Defendants

DATED: 5-29-07
WDF:NEP:pmw