IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON M. SHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-522 GMS |
| | ) | |
| PAUL LARDIZZONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

On August 24, 2006, the plaintiff Sharon M. Shannon ("Shannon"), filed this pro se action

against Paul Lardizzone ("Lardizzone"), Mark Wischmann ("Wischmann"), and Dorothy Kashner

("Kashner") (collectively, the "defendants"), pursuant to Title VI of the Civil Rights Act of 1964,

42 U.S.C. § 2000d, et seq. The complaint alleges that the defendants discriminated against Shannon

based on her race and sex.

Presently before the court is the defendants' motion for summary judgment. For the reasons

that follow, the court will grant the motion.

**II.    BACKGROUND**

**A.    Factual Background**

The following facts are taken from Shannon's complaint, as well as a decision from the

Department of Veterans Affairs (the "VA"), Veterans Health Administration (the "VHA"), regarding

Shannon's civil rights discrimination complaint against the Disabled American Veterans (the

"DAV") in Camden, Delaware.[1]  Shannon's complaint centers around her alleged exclusion from

---

[1] The court takes judicial notice of the VA decision, dated April 19, 2006, which reflects
the department's investigation of Shannon's claims. (See D.I. 26-3, at 49-55.)

a DAV van that transports her from her residence to the VA Medical Center in Wilmington, Delaware, and around certain restrictions the Camden, Delaware DAV has placed on her activities with that organization. According to Shannon, she was excluded from the van on at least two occasions, February 12, 2004 and August 9, 2004, due to her racial affiliation. (D.I. 2, at 4; D.I. 26-3, at 51.) Shannon is a Caucasian woman who was married to a now-deceased African American Vietnam veteran. (D.I. 2, at 4.) The discrimination allegedly began after she defended her van driver, Ronnie Revels ("Revels"), who is African American. (Id.; see D.I. 26-3, at 52.) A Caucasian passenger on the van allegedly joked about dragging Revels behind the van. (D.I. 5, at 3; D.I. 26-3, at 52.) Shannon took offense to the comment and associated it with a recent incident that occurred in Texas, which resulted in the death of an African American male. (Id.) Shannon contends that the DAV never listened to her side of the story regarding the incident and subsequently excluded her from the van. (D.I. 5, at 3.)

Shannon also alleges that she had a problem with an African American male, Mr. White ("White"). (D.I. 2, at 4; D.I. 5, at 1-2.) She avers that White started cursing at her for no reason and using other profanity, which offended her. (Id.) White allegedly called her a "f***ing white bitch," to which Shannon finally responded "boy, I am a good one." (Id.) Shannon reported the incident to the van driver, who discussed it with the patient advocate in the Elsemere VA hospital (where White was a patient). (D.I. 2, at 4; D.I. 5, at 2.) According to Shannon the DAV did nothing. (D.I. 5, at 2.)

Finally, Shannon alleges that she is not welcome in the DAV building, that the defendants hang up on her when she phones the DAV, and that she has been denied rides in the DAV van to her doctors' appointments in Wilmington. (D.I. 26-3, at 52, D.I. 5, at 3.) On August 27, 2004, Shannon

2

received a letter from the DAV in Camden, Delaware, restricting her from their property, any meetings or functions and the Delaware DAV Convention. (D.I. 26-3, at 52.) As a result, Shannon has transferred her DAV membership from the Camden unit to the Wilmington, Delaware unit. (Id.)

## B.    Procedural Background

On September 24, 2004, Shannon filed a civil rights complaint with the State of Delaware Division of Human Relations (the "DDHR") in Wilmington, Delaware, against the DAV Camden unit. On March 21, 2005, the DDHR issued a Final Order dismissing the case due to lack of jurisdiction. Shannon then filed a complaint with the United States Department of Justice (the "DOJ") on April 22, 2005. The complaint was dismissed on June 1, 2005, due to a lack of jurisdiction. The DOJ, however, forwarded Shannon's complaint to the VA, who subsequently forwarded the complaint to the Veterans Health Administration (the "VHA") EEO/Affirmative Employment Office.

The VHA determined that the weight of the evidence adduced by Shannon failed to support a finding that she was discriminated against due to her racial affiliation. (Id. at 51.) The VHA also made several findings and comments that are important in deciding the motion presently before the court. As such, the court will discuss them in summary fashion. First, the VHA expressed concern that the issues raised by Shannon would continue to fester without closure and recommended that she and the DAV officials seek mediation to resolve the disagreements and foster good relations. (Id. at 49.) In addition, pursuant to Title VI, the VHA found that the DAV is a recognized national veteran organization that receives federal financial assistance from VA. (Id. at 51.)

As for Shannon's claims of discrimination, the VHA determined that she was not a victim of discrimination, as she provided no witnesses to support a finding that the DAV's actions were

3

motivated by racial bias. (Id. at 54-55.) The VHA further determined that Shannon was not eliminated from the van program but merely transferred to a different van to "keep the transportation network running smoothly." (Id. at 54.) Finally, the VHA, echoing the comments of the DDHR in its dismissal of Shannon's complaint, lamented the breakdown in relations between Shannon, a dependent, and the DAV, a service organization. Quoting the DHRR, the VHA stated that "[s]ome of the attitudes and comments made by the parties and witnesses showed a distressingly immature approach to maintaining good relations with others." (Id. at 55.)

## III.   STANDARD OF REVIEW

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Biener v. Calio*, 361 F.3d 206, 210 (3d Cir. 2004). In reviewing summary judgment decisions, the Third Circuit views all evidence and draws all inferences in the light most favorable to the non-movant, affirming if no reasonable jury could find for the non-movant. *See Whiteland Woods, L.P. v. Twp. of West Whiteland*, 193 F.3d 177, 180 (3d Cir. 1999). Thus, a trial court should only grant summary judgment if it determines that no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment can satisfy its burden by showing that there is an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Liberty Lobby*, 477 U.S. at 257. Thus, summary

4

judgment is particularly appropriate where the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor. In this situation, it may be said that the record as a whole points in one direction and the dispute is not "genuine." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

## IV.   DISCUSSION

The defendants present four arguments in their summary judgment motion as to why Shannon's Title VI claims fail as a matter of law: (1) the defendants are individuals and Title VI applies only to entities; (2) neither the defendants nor any entity with which they are associated receives federal financial assistance; (3) Shannon may not pursue claims for sex discrimination under Title VI; and (4) Shannon failed to properly serve Lardizzone with process.

The defendants first argue that they are entitled to judgment as a matter of law on Shannon's Title VI claims because Title VI applies to entities not individuals. Title VI provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.   The proper mode of analysis for a Title VI claim is the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Pondexter v. Allegheny County Hous. Auth.*, C.A. No. 2:04CV536, 2007 WL 3120289, at *13 (W.D. Pa. Oct. 23, 2007). Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination, the defendant bears the subsequent burden of proffering a non-discriminatory reason for its actions, and the plaintiff bears the final burden of undermining the defendant's proffered reason. *Id.* at 802-04. To maintain an action under Title VI, however, courts generally have held that a plaintiff must sue an entity that receives federal assistance, not an individual. *Albra*

*v. Advan, Inc.*, 490 F.3d 826, 831 (11th Cir. 2007) ("courts generally have concluded that Title VI

precludes individual liability"); *see, e.g.*, *Kelly v. Rice*, 375 F. Supp. 2d 203, 208 (S.D.N.Y. 2005);

*Jackson v. University of New Haven*, 228 F. Supp. 2d 156, 158 n. 4 (D. Conn. 2002). Put

differently, there can be no individual liability in cases brought pursuant to 42 U.S.C. § 2000d.

*Chance v. Reed*, 538 F. Supp. 2d 500, 511 (D. Conn. 2008).

In the present case, Shannon has not named the DAV as a defendant.[2] Rather, she has named

individuals that work at or volunteer for the DAV. Because Title VI applies to entities rather than

individuals, there are no genuine issues of material fact and the defendants are entitled to judgment

as a matter of law.[3]

Dated: June 11, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] The DAV would be a proper Title VI defendant. (See D.I. 26-3, at 51.)

[3] While the court need not address them, it is worth noting that two of the defendants' other grounds for summary judgment are baseless and border on violations of Rule 11 of the Federal Rules of Civil Procedure. First, the defendants assert that neither they nor any entity with which they are associated receives federal financial assistance. They rely for support on Lardizzone's self-serving affidavit, which states that he has personal knowledge of the financial records and books of the DAV, and that the DAV does not receive any type of federal funding. (D.I. 21, at 10-11; D.I. 22 §§ 8-10.) This assertion is wholly inaccurate, however, as the VHA has already determined that the DAV is an entity that receives Federal financial assistance for purposes of 42 U.S.C. § 2000d. (See D.I. 26-3, at 51) ("The DAV is a recognized national veteran organization that receives [f]ederal financial assistance from VA.")

In addition, the defendants assert that Lardizzone is entitled to summary judgment, because Shannon failed to properly serve him. The defendants cite to Federal Rule of Civil Procedure 4(e), as well as Rule 4(m) regarding personal service and the time limits set forth for service. The defendants, however, fail to cite or even consider Federal Rule of Civil Procedure 4(c)(3), which provides that the "court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." *See* 28 U.S.C. § 1915 ("The officers of the court shall issue and serve all process, and perform all duties in [ in forma pauperis ] cases." Here, Shannon applied for and received in forma pauperis status. (See D.I. 2, 6.) Upon granting Shannon's motion for in forma pauperis, the court discharged her from any responsibility to effectuate service. The defendants' argument, therefore, is without merit.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON M. SHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-522 GMS |
| | ) | |
| PAUL LARDIZZONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.      The defendants' Motion for Summary Judgment (D.I 20) is GRANTED.

2.      The Clerk of Court is directed to close this case.

Dated: June __ll__, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

JUN 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE